NEELY v. BROGDON et al. (No. 6087.)

(Court of Civil Appeals of Texas. Austin. May 14, 1919. Rehearing Denied July 5, 1919.)

1. WILLS &#9734;&#61558;439—CONSTRUCTION—TESTATOR'S INTENTION.

In construing a will, the intention of the testator will prevail, when not contrary to law or public policy.

2. WILLS &#9734;&#61558;470 — CONSTRUCTION AS A WHOLE.

The testator's intention is to be ascertained from the language of the entire will, and technical rules or grammatical construction will be disregarded when to follow them would nullify his will.

3. WILLS &#9734;&#61558;446—CONSTRUCTION IN FAVOR OF INSTRUMENT.

It will be presumed that testator intended to make a valid will, and if the will admits of both a valid and an invalid construction, the former will be adopted.

4. WILLS &#9734;&#61558;614(17)—LIFE ESTATE—DEVISE OF POSSESSION, USE, RENTS, AND REVENUES.

A devise of possessions, use, rents, or revenues of property during a life in being creates a life estate.

5. WILLS &#9734;&#61558;614(19)—SUCCESSIVE LIFE ESTATES.

A testator may create successive life estates in the same property, as where he gives to a named beneficiary for life and then to another for life and so on to any number of persons, provided they are persons in being at the time the will takes effect, each such estate to begin upon the termination of a preceding life estate.

6. WILLS &#9734;&#61558;598 — ESTATE IN FEE — DEVISE WITHOUT WORDS OF LIMITATION.

An estate devised without words of limitation will be construed an estate in fee, and if the legatee be not in existence when the will takes effect, the fee will vest in him upon his coming into existence unless the will be defeated by the rule against perpetuities.

7. PERPETUITIES &#9734;&#61558;4(1)—CREATION OF FUTURE ESTATES—LIMITATION AS TO VESTING —PUBLIC POLICY.

A will which does not provide for vesting the fee during the life or lives of a person or persons in being or within 21 years and 10 months thereafter is void under the rule against perpetuities.

8. PERPETUITIES &#9734;&#61558;4(2)—POSSIBILITIES.

In determining whether a will is void under the rule against perpetuities, the possibilities of vesting of estate within the period fixed by the rule are to be determined as of the time of testator's death.

9. WILLS &#9734;&#61558;598—CONSTRUCTION—FEE-SIMPLE ESTATE—WORDS OF LIMITATION.

Under a will creating successive life estates with no words of limitation as to the estate passing to the issue of the last life tenants, the issue takes a fee simple.

10. WILLS &#9734;&#61558;460 — CONSTRUCTION — TRANSPOSING WORDS.

Words may be transposed, supplied, or omitted when to do so would make a will more clearly express the intention of the devisor as indicated by the entire contents of the instrument.

11. PERPETUITIES &#9734;&#61558;4(7)—SUCCESSIVE LIFE ESTATES.

A will devising testatrix's property to her husband for life, and on his death to be divided between two childless nieces, who were to receive the revenues and pay an annuity, and providing that the estate should pass to their issue, if any, or, if none, to her two other childless nieces and to their issue, conferred on the issue of her two other nieces a fee, and not a life estate, and so did not violate the rule against perpetuities.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Suit by P. A. Neely against Mary Catherine Brogdon and others. Judgment for defendants, and plaintiff appeals. Affirmed.

McLean, Scott & McLean, of Ft. Worth, for appellant.

Page & Jones, of Bastrop, and White, Cartledge & Wilcox, of Austin, for appellees.

JENKINS, J. This is a suit brought by appellant, asking the court to construe the will of Mrs. Etta Neely, deceased wife of appellant, and to declare the same void as being contrary to the rule against perpetuities. The appellees do not ask us to construe the will as to their relative rights thereunder, but resist the contention of appellant to have the will declared void.

The will in question is as follows:

"State of Texas, County of Bastrop.

"Know all men by these presents:

"That I, Etta Neely, of the county of Bastrop, state of Texas, being in good health and of

sound mind and memory, do make and publish this my last will and testament, hereby revoking all wills by me at any time heretofore made.

"First. I desire that all my just debts shall be paid and that the legacies hereinafter given shall, after the payment of my debts, be paid out of my estate as conditioned herein.

"Second. I give and bequeath .unto my beloved husband, P. A. Neely, so long as he may live, all of my property, both personal and real, which I may own or be interested in at the time of my death.

"Third. Should the devisee herein depart this life before the devisor, then the estate herein mentioned shall be equally divided between Mary Catherine Brogdon and Margie Carol Baker, conditioned, however, that said estate shall pass to the said Brogdon and Baker in trust, that is, .they are to have possession of said estate and receive and use the revenues, profits and increase of the use of said estate, but shall not have the power or right to sell or dispose of the same, but must keep said estate in good condition and repair. The further obligation is imposed upon the said Brogdon and Baker, to wit:

"Fourth. Susie A. Thompson, if living at the time said estate passes to said Brogdon and Baker, shall receive from the revenues derived from said estate, two hundred dollars annually, same to be paid by the said Brogdon and Baker.

"Fifth. The estate herein mentioned shall pass to the issue of the said Baker and Brogdon, if any they have, but should there be no child or children born unto the said Brogdon and Baker, then said estate shall pass to and be possessed by Nettie Etta Brogdon and Myrtle Estelle Brogdon, and to their issue, if any, under the restrictions and conditions imposed on the said Mary Catherine Brogdon and Margie Carol Baker.

"Sixth. I hereby will and bequeath unto Margie Carol Baker my diamond ear-rings and bequeath and give unto Mary Catherine Brogdon my diamond breastpin.

"Seventh. Should my beloved husband, P. A. Neely, survive me, then at his demise, the provisions of this will shall be invoked as above set out, and the beneficiaries therein named shall receive said estate in the manner therein designated.

"It is further provided that all property that may be owned by the devisor at her death, situated in Smithville, Texas, may be sold by the devisee, P. A. Neely, and the funds reinvested in real estate at any point he may choose to invest same.

"I hereby appoint Brown Harwood executor of this my last will and testament, with a good and sufficient bond to be given.

"It is my will that no action shall be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims.

"In testimony I have hereunto set my hand, this the 12th day of June, A. D. 1906.
                                          "Etta Neely.

"Signed, delivered, and published by Etta Neely as her last will and testament in the presence of us, the attesting witnesses, who have hereunto subscribed our names in the presence of the said Etta Neely at her special request, this 12th day of June, A. D. 1906.
                                          "A. L. Staples.
                                          "J. H. E. Powell."

This will has been duly probated in Bastrop county. The testatrix died leaving surviving her P. A. Neely, her husband, and the four nieces mentioned in the will, who at that time were unmarried. Since that time Margie Carol Baker married, and has died, leaving surviving her one child, William Neely Germany. All the property left by testatrix was the community property of herself and husband. ,

Mary Catherine Brogdon, age 39, Nettie Etta Brogdon, age 27, and Myrtle Estelle Brogdon, age 20, are living and unmarried. Susie A. Thompson, age 60 years, is living.

The judgment of the court, omitting formal parts, is:

"That the plaintiff herein take nothing by his suit, and the defendants herein go hence without day, with their costs, to which judgment of the court plaintiff excepted, and gave notice of appeal to the Court of Civil Appeals, Third Supreme Judicial District, in open court."

The principles of law with reference to wills are well settled. In so far as they are applicable to the instant case, they may be briefly stated as follows:

[1] (1) The intention of the testator, when not contrary to law or public policy, will prevail.

[2] (2) The intention of the testator is to be ascertained from the language of the will. But this intention must be gathered from the entire will, or from the four corners of the instrument. Technical rules, or grammatical construction, will be disregarded when to follow them would result in nullifying the will of the testator, as evidenced by the general scheme of the will and all of its provisions construed with reference to each other, viewed in the light of the circumstances of the testator at the time the will was executed.

[3] (3) It will be presumed that the testator intended to make a valid will, for a will that is invalid is no will, and it would be a contradiction of terms to say that one intended to make a will that was not a will. Therefore, if it will admit of two constructions, one of which would render it valid and the other invalid, the former will be adopted.

[4] (4) A life estate is one which may last during the life or lives of one or more persons in being. No particular form of words is necessary to create a life estate. A devise of the possessions, use, rents, or revenues of property during a life in being creates a life estate.

[5] (5) A testator may create successive life estates in the same property, as where he gives to a named beneficiary for life, and then to another for life, and so on to any number of persons, provided they are persons in being

at the time the will takes effect, each such estate to begin upon the termination of a preceding life estate.

[6] (6) When an estate is devised without any words of limitation, it will be construed to mean an estate in fee. If the legatee be not in existence when the will takes effect, the fee will vest in him upon his coming into existence, if the will be not defeated under the rule against perpetuities.

[7] (7) A will which does not provide for vesting the fee during the life or lives of a person or persons in being, or within 21 years and 10 months thereafter, is void under the rule against perpetuities. This rule does not enforce the will of the testator, but defeats the same as being contrary to public policy.

[8-11] The application of these legal principles would present no difficulty in the instant case, if the words "and to their issue" were omitted from the fifth clause of the will, or were placed in a different position. This will was very inartistically drawn, and expresses even the greater part of what is apparent in an awkward manner.

As the devisee (the husband of testatrix) did not "depart this life before the devisor," the third clause of the will is immaterial, except as it is made a part of the seventh clause.

As we construe the seventh clause, in the light of the fact that Neely survived the testatrix, it should read, " * * * At his [P. A. Neely's] demise, the estate herein mentioned shall be equally divided between Mary Catherine Brogdon and Margie Carol Baker, conditioned, however," etc., including the remainder of the third paragraph of the will, and all of the fourth, fifth, and sixth paragraphs.

As thus construed, it is evident that the will creates a life estate in P. A. Neely, to take effect upon the death of the testatrix, a life estate in Mary Catherine Brogdon and Margie Carol Baker, to take effect upon the death of Neely, and a life estate in Nettie Etta Brogdon and Myrtle Estelle Brogdon, to take effect upon the death of Mary Catherine Brogdon and Margie Carol Baker, if they should die without issue.

It is the contention of appellant that the fifth clause of the will likewise invests an estate for life or in trust in the issue, if any, of Nettie Etta Brogdon and Myrtle Estelle Brogdon. If so, the will is void under the rule against perpetuities. This rule is that, if the contingencies mentioned in the will, upon which successive estates would vest, might by any possibility occur in succession and at such times as that, if the provisions of the will were carried into effect, the fee could not vest within the life of a person or persons in being, and within 21 years and 10 months thereafter, the will is void. The possibilities are to be determined as of the time of the death of the testatrix.

The possibilities at the time of the death of the testatrix were:

(1) That Mary Catherine and Margie Carol might survive P. A. Neely, and die without issue. If so, the estate in fee could not vest in their issue; none such being in existence. Nettie Etta and Myrtle Estelle Brogdon might have survived Mary Catherine and Margie Carol, to whom no child or children had been born, in which event they would have taken a life estate. If the fee, upon their death, would vest in their issue, if any, the rule as against perpetuities would not be violated, for such vesting of the estate must occur, if at all, during their lifetime, as they could not bear children after death. But, if the estate, which under the will would pass to their issue, was only a life estate, such issue might live more than 21 years and 10 months after the death of their mothers, and, no child or children of Nettie Etta or Myrtle Estelle being in esse at the death of the testatrix, the vesting of the fee might, therefore, be postponed for a period beyond that fixed by the rule against perpetuities.

The point which determines whether or not the will here under consideration is void is: Would it, upon the happening of the contingencies herein above stated, have vested in the issue of Nettie Etta and Myrtle Estelle, or of either of them, if any they should have, an estate in fee, or only a life estate, or an estate in trust?

If the language used in the fifth clause of the will should be grammatically construed, the will would vest only a life estate in such issue. The will reads:

" * * * Then such estate shall pass to and be possessed by Nettie Etta Brogdon and Myrtle Estelle Brogdon, and to their issue, if any, under the restrictions and conditions imposed on the said Mary Catherine Brogdon and Margie Carol Baker."

"The conditions and restrictions imposed on the said Mary Catherine Brogdon and Margie Carol Baker" vested in them a life estate, with the burdens therein mentioned.

But we do not believe that, under a proper construction of the will, these restrictions and limitations mentioned were intended to apply to the issue of Nettie Etta Brogdon and Myrtle Estelle Brogdon. We do not think that we should parse an estate out of the child or children, if any there should be, of these parties, or diagram an estate into P. A. Neely contrary to what it is apparent was the intention of the testatrix.

In the first place, the fact that Mrs. Neely executed a will with all of the formalities of law is conclusive evidence that she did not intend to die intestate, as she did do if the will is void.

(2) She did provide for vesting the fee in the issue of Mary Catherine Brogdon and Margie Carol Baker, if any. The will provides that "the estate herein mentioned shall

pass to the issue of said Baker and Brogdon, if any they have." There being no words of limitation as to the estate which would pass to such issue, the same would be a fee simple, under this provision of the will.

(3) It is also apparent that, anticipating that Mary Catherine and Margie Carol might die without having had a child or children born to them, or to either of them, she desired in such event to confer a life estate upon Nettie Etta and Myrtle Estelle, and some kind of an estate upon their issue, if any. Did she intend that such estate should also be a life estate?

We do not think so. We think that, while preferring her two nieces, Mary Catherine and Margie Carol, and their issue, she intended in the event of their death without issue to confer the same estate upon her other two nieces, and upon their issue, as she had provided for the first two named in the will. We come to this conclusion from reading the will and construing together all of its provisions.

Words may be transposed, supplied, or omitted when to do so would make a will more clearly express the intention of the devisor, as indicated by the entire contents of the instrument. By transposing the words used in the fifth paragraph of the will, it would read as follows:

"The estate herein mentioned shall pass to the issue of the said Baker and Brogdon, if any they have, but should there be no child or children born unto the said Brogdon and Baker said estate shall pass to and be possessed by Nettie Etta Brogdon and Myrtle Estelle Brogdon, under the restrictions and conditions imposed on the said Mary Catherine Brogdon and Margie Carol Baker, and then to their issue, if any."

Or, by adding to the fifth paragraph the words "and to their issue," it would be evident that the issue of Nettie Etta and Myrtle Estelle Brogdon were to take the same estate as would have been conferred on the issue of Mary Catherine Brogdon and Margie Carol Baker had there been such issue.

To so construe this clause of the will would harmonize it with every other clause of the will, and render them valid. To construe the fifth clause as conferring only a life estate upon the issue of Nettie Etta and Myrtle Estelle Brogdon would render every other clause of the will nugatory, by destroying the entire will. In such event P. A. Neely, as the only heir of his wife, would take the entire estate of the testatrix, though she plainly declared that in no event should he have more than a life estate in her property. It would deprive all of her nieces of the interest in her estate which she unmistakably declared they should receive, if they or either should survive her husband. It would deprive Susie A. Thompson of all chance to receive the annuity provided for her. It would deprive the

child of Margie Carol Baker of the estate which she intended should be vested in him, upon an event which she anticipated might occur, and which has occurred, namely, his birth.

We are not called upon, nor was the court below, to construe the respective rights of the parties to the will other than P. A. Neely, as between themselves. The only issue presented for our determination is whether or not the will is void. We hold that it is not. The judgment of the trial court was that appellant take nothing by his suit.

That judgment, for the reasons herein stated, we affirm.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes