**BROWN et al. v. WOOD et al.**

No. 14250.

Court of Civil Appeals of Texas. Dallas.

March 16, 1951.

Rehearing Denied April 27, 1951.

Roland Boyd and Dwight Whitwell, both of McKinney, for appellants.

Wallace, Hughston, of McKinney, and Roy C. Coffee and R. D. Hardy, both of Dallas, for appellees.

CRAMER, Justice.

This is an action in trespass to try title and for damages, filed by the appellees as plaintiffs in the district court against appellants as defendants. The parties will be here designated as in the trial court.

It is undisputed that W. A. Kinkead, who was the agreed common source of title, died December 9, 1897, and left a written will, executed about October 1897, reading (omitting formal parts) as follows: "First: It is my will and desire that all my estate, both real and personal and mixed, and by whatever description and wherever situated, shall be held in trust by my executors, hereinafter named, for the following purposes, to wit: The said executors are to keep the real estate rented out and the money loaned out, and all the rents, interest and revenues arising from the same are to be applied first to the payment of all just taxes and all repairs necessary to keep said estate in good repair, and to the payment of a reasonable compensation of the trustees hereinafter named for their trouble in looking after said estate. Second: Out of said rents and revenues, after the payment of the items above enumerated, said executors and trustees are to apply a sufficient sum of the balance to the education, clothing and general maintenance of Walter Giddings, a minor, now living in Collin County, Texas, and who is hereby appointed my heir, subject to the limitations, conditions, and trusts stated in this my last Will and Testament, and if after the payment of the several items above mentioned there is still a surplus arising from the revenues of my estate, the same is to be either loaned out or invested annually as my executors see fit. Third: After said Walter Giddings

becomes of full age, my executors, hereinafter named, are to make a full settlement of their administration of my estate, turn over to the said Walter Giddings all of my estate then on hand, to be used and enjoyed by him in the manner and under the following conditions: that is to say, he is to have the absolute use and control of the annual revenues and profits of said estate, for and during the term of his natural life, and if he shall at any time during life marry and have children, who survive him, then at his death the lands, money, and other property constituting the principal of my estate shall be divided equally among the children of the said Walter Giddings, share and share alike. But in the event that Walter Giddings should not marry, or in the event he should marry and die without leaving any children surviving him, then it is my wish and desire that all of my estate, except the annual rents and profits heretofore given to the said Walter Giddings, shall become the property of my nearest of kin, and be divided equally among them, share and share alike."

The will also appointed independent executors, etc.

After this will was offered for probate, the County Court overruled a contest filed therein and probated the will, appointed executors, named appraisers, etc., but such judgment was duly appealed to the District Court.

In the District Court, while the matter was regularly before such Court, there was filed an agreement between the parties named therein, which agreement (omitting formal parts) read as follows: "In this case it is agreed by and between J. L. Brown and Q. S. Arnold, as executors of the Will, and Walter Giddings and James Giddings, as the next friend of Walter Giddings, on the one part, and Mrs. Malinda Barry, joined by her husband, L. F. Barry; Mrs. Eliza Ellis, joined by her husband, William Ellis, Mrs. Susie Johnson, joined by her husband, John Johnson, W. A. Pelton, John Pelton, Harry (Pard) Pelton, Mrs. Linn Wilson, joined by her husband, Willian Wilson, Louisa Pelton, Mrs. Nancy Walters, joined by her husband, Elijah Walters, Mrs. Sallie Waterson, widow, Mrs. Maggie Kinkead, widow, Mattie Larkins, joined by her husband, John Larkins, Sallie Horn, joined by her husband, G. L. Horn, Lena Fudge, joined by her husband, J. F. Fudge, Lillie Wolf, joined by her husband, D. C. Wolf, and Albert Miller and John E. Walters, Delphis McEnery, joined by her husband, Fount McEnery, Corley Martin, joined by her husband, Charles Martin, and Mollie Walters, contestants, on the other part; that the following agreement is made with reference to the application heretofore filed in this court on this day to construe the Will of W. A. Kinkead, to wit: That the case be withdrawn from the jury and submitted to the court, upon the evidence which has been introduced, and that the parties above named make this agreement under said application to construe said Will as follows: That the contestants above named are to have the following described lands and premises which belong to said W. A. Kinkead in his lifetime in fee simple. That the contestants above named are to have all the lands and premises in fee simple which the said W. A. Kinkead owned at the time of his death in Collin County, Texas, which lies west of the center of the bed of H & TCR tract as it is now located, and the said Walter Giddings is to own in fee simple all the lands and premises which the said decedent owned at the time of his death in said County which is east of the center of the said Railway tract, he is also to have all the personal property belonging to said estate absolutely. It is further agreed that all the right, title, claim and interest which the said contestants hereinabove named *are* which any or either of them had in and to all lands and premises which belong to the said W. A. Kinkead at the time of his death and which lies east of the center of said railway tract in Collin County, is hereby divested out of them and each of them and hereby vested in the said Walter Giddings in fee, and the said contestants here now renounce any or all claims to any and all personal property which belongs to said decedent in the said Walter Giddings. It is further agreed that all the right, title, claim and interest which the said Walter Giddings, or James Gid-

dings, as next friend, and the said Walter Giddings, John Brown and Quincy Arnold had or have in and to any lands in Collin County, lying west of the center of said Railway tract is hereby divested out of them and each of them and is now vested in the contestants above named and in fee simple. It is further agreed that the contestants above named recover all costs herein expended, both in the County Court of Collin County and in this court of every nature and description whatever, from the proponents. It is further agreed that Messrs. ————— and Beverly, for their services rendered the executors, are to receive the sum of $750.00 to be taxed as costs. It is further agreed that E. W. Merritt should be allowed the sum of $35.00 for his services as stenographer rendered in this case, the same to be taxed as costs of court. It is further agreed that the jury fee which was paid in this case be withdrawn by the party who paid it."

The following judgment was entered at the March 1899 term of the District Court of Collin County, to wit: "This day the above entitled cause coming on to be heard, * * *; and all the parties announced ready for trial; and a jury being waived, the matters of fact, as well as of law, are submitted to the court, together with said application to probate the instrument offered as the last Will and Testimony of the said W. A. Kinkead, deceased, and the contest thereof. There also came on to be heard the motion of the proponents, John L. Brown and Quincy S. Arnold, and the motion of the contestants for the construction of said Will in court; and the evidence being introduced, argument of counsel heard and fully understood, the court is of the opinion that the paper dated the ————— day of October, 1897, and filed in the Court of Collin County, Texas, on the 18th day of December, and now offered for probate for the proponents, is the last Will and Testament of the said W. A. Kinkead and shall be admitted to probate as such. It is therefore considered by the court, ordered, adjudged and decreed, that the said instrument above described executed by W. A. Kinkead be, and the same is hereby, admitted to probate and established as the last Will and Testament of the said W. A. Kinkead, deceased. And the application of both the proponents and the contestants for the court to construe the Will coming on to be heard at the same time and this matter being submitted to the court, upon the request of both parties, and both of said applications being heard, and the evidence introduced and arguments made, the court is of the opinion, and it is so ordered, adjudged and decreed that the contestants Malinda Barry, Susan Johnson, Eliza Ellis, W. A. Pelton, John Pelton, Harvey (Pard) Pelton, Linn Wilson, Louisa Pelton, Nancy Walters, Sally Watterson, Maggie Kinkead, Mattie Larkins, Sallie Horn, Delphia McEnery, Corley Martin and Mollie Waters do have, take, own and hold, in fee simple, all the lands and premises of which the said W. A. Kinkead was seized and possessed in Collin County, Texas, at the time of his death, which lies west of the center of the bed of the Houston & Texas Central Railway tract as it is now located; and the said Walter Giddings do have, take, own and hold in fee simple all the lands and premises of which the said Kinkead was seized and possessed in said County at the time of his death, and which lies east of the center of said railway tract; and it is further ordered that the said Walter Giddings do take, have, all the personal property belonging to the estate of the said W. A. Kinkead, absolutely. It is further ordered, adjudged and decreed by the court that all the right, title, interest and claim which the said above named contestants, or either of them, or any of them, in the estate of W. A. Kinkead, have or had in and to any and all lands on the east side of the H & T C Railway tract in Collin County, Texas, the property of the estate of said W. A. Kinkead, be, and the same is, hereby divested out of the estate of W. A. Kinkead, and to them the said contestants, and each of them, and vested in the said Walter Giddings in fee; and the said contestants now here in open court renounce any and all claims to any and all personal property belonging to the estate of said decedent. It is further ordered, adjudged and decreed that all the right, title, interest and claim which the

said Walter Giddings or James Giddings, as next friend of the said Walter Giddings, John Brown and Q. S. Arnold have or had in and to any land in said estate in Collin County, lying west of the center of said Houston & Texas Central Railway tract, be, and the same is, hereby divested out of them, the said Walter Giddings, James Giddings as next friend, and J. L. Brown and Q. S. Arnold, executors, and each of them, and the estate of W. A. Kinkead, the same is here now vested in said above named contestants in fee simple. * * * And it is further ordered that the application of probate, together with the Will of said W. A. Kinkead, and the testimony establishing the same, taken in open court, be regarded as the law directs."

After the entry of the district court judgment, Walter Giddings went into and remained in possession of the land involved here until November 15, 1929, when by general warranty deed he sold the land in fee for a valuable consideration to H. A. Brown who recorded his deed and went immediately into possession. H. A. Brown and his heirs have been since his receipt of such deed in continuous peaceable possession of such land, using, cultivating, and enjoying same, paying all taxes thereon before delinquency and claiming fee simple title thereto. Walter Giddings died in February 1947. This suit was filed by Dorothy Wood joined by her husband January 7, 1948.

On a nonjury trial before the court, judgment was rendered for appellee Dorothy Wood for title to, and possession of, the land involved and for damages in the sum of $1,935 plus interest, costs, etc. This appeal has been duly perfected from such judgment.

The trial court's judgment was rendered on the theory that the county court and the district court on appeal had no jurisdiction except to probate or refuse to probate the will in question; in other words, had no jurisdiction to construe the will and decree title on approval of the compromise settlement agreement, and that such portion of the judgment over which the court had no jurisdiction was not binding on any one

and had no force or effect, and was absolutely void.

Appellants by a number of assignments attack the judgment below on the theory that the judgment entered in 1899 was res adjudicata of matters in issue here. We cannot sustain such assignments. The district court on *appeal* (as distinguished from certiorari) from the probate court had no more jurisdiction than the county court in such matters, and of course the county court had no jurisdiction to pass upon, or decree title. The judgment therefore was not res adjudicata as to the matters over which the court had no jurisdiction. Such assignments are overruled. Langehenning v. Hohmann, 139 Tex. 452, 163 S.W.2d 402.

Appellants by numerous assignments attack the judgment below wherein it overrules their several pleas of the three, four, five, ten, and twenty-five year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, 5520, their pleas of estoppel, and the trial court's construction of the will in this present proceeding; also its conclusion and holding that the deed from Walter Giddings to appellant W. H. Brown was not binding on appellee Dorothy Wood.

These assignments necessitate a full examination of the effect of the 1899 agreement and judgment set out above.

There is no question but that the judgment here is valid, binding, and res adjudicata on every decretal provision therein authorized by the agreement and over which the district court, as an appellate court in this probate proceedings, had jurisdiction. They are as binding as if a trial had been had on the merits. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786, by our Supreme Court; State v. Reagan, etc., Tex.Civ.App., 186 S.W. 128 (Syl. 3), ref. N. R. E.; Matthews v. Looney, Tex.Com. App., 123 S.W.2d 871. (opinion adopted).

The portion of the judgment of which the court had no jurisdiction furnished the consideration for the decretal portions of the judgment of which it does have jurisdiction. As such it had, and now has, only the effect and validity of a private agreement between the parties and its effect

is limited to the contractual provisions of the agreement upon which it is based. Edwards et al. v. Gifford, supra, and cases there cited. Plumley v. Plumley, Tex.Civ. App., 210 S.W.2d 177; 25 Tex.Jur. 387, secs. 25–26.

With these rules in mind, what was the effect of the agreement and judgment of 1899?

The judgment effectually probated the will of W. A. Kinkead, deceased, and the decretal portion of the judgment on such issues was, and is, res adjudicata of any question relating thereto in any subsequent proceeding involving the same questions.

All other provisions based on the agreement between the parties and which were the consideration for the entry of the judgment were binding between all the parties thereto in so far, and only in so far, as they would be binding as a private agreement.

■ The material question on this appeal therefore is, Were the provisions in the agreement and the recitations in the judgment of 1899 awarding fee simple title to the land involved herein to Walter Giddings, binding, as a private agreement, on Dorothy Woods? We think not. Walter Giddings under the judgment received the property herein involved under the terms of the will. Neither he, nor those representing him, could by agreement validly convey, or agree to convey, as against the remainderman, any greater estate than he as a life tenant had received under the decretal portions of the judgment which probated the will. Any portion of the agreement of settlement involving his interest which conflicted with the rights of his remainderman could not be valid or binding, but was void as against the remainderman, Dorothy Wood. She was not a party to the agreement or judgment. She could not have been represented by the life tenant, Walter Giddings, in the making of such agreement and the entry of such judgment, since each of their interests were separate, distinct, conflicting, and each antagonistic to the other.

Such facts were apparent on the face of the record, both in the agreement and in the judgment, and were, and are, notice to all parties claiming any interest in such land. Articles 8299–8300, V.A.C.S.

■ In Texas Co. v. Dunlap, Tex.Com. App., 41 S.W.2d 42, 44, Judge Leddy states: "It is elemental that all persons are charged with notice of everything revealed by any document or instrument in the chain of title under which they claim an interest in land."

■ There was therefore no error in the trial court's refusal to make a finding that Walter Giddings claimed fee simple title to the land in question continuously from the date of the 1899 judgment to and including November 15, 1929, date of his deed to H. A. Brown. The 1899 agreement and judgment, in so far as they purport to vest fee simple title to the land involved, in Walter Giddings, being void, Walter Giddings as life tenant could not hold adversely to Dorothy Wood, his remainderman. Such claim by Walter Giddings could not, and did not, start the running of the statutes of limitation in his favor, or in favor of his grantee under his warranty deed, until after his death. Hensley v. Conway, Tex.Civ.App., 29 S.W.2d 416, and cases there cited; Evans v. Graves, Tex.Civ. App., 166 S.W.2d 955 (writ ref. w. o. m.).

■ There was no error in the trial court's construction of the original will in the present case. We agree with its holding that such will passed only a life estate to Walter Giddings in 1899. Appellants' contention that under the provisions in the will, to wit, "Walter Giddings, a minor now living in Collin County, Texas, is hereby appointed my heir," gave to Walter Giddings fee title subject to being lost only in the event he had no children, under the "rule of will construction in Texas that where a will grants a fee estate in one place and later attaches conditions, the court will permit the largest estate granted to pass without conditions," citing McDowell v. Harris, Tex.Civ.App., 107 S.W. 2d 647, by this Court, cannot be sustained. Such provision appointing Walter Giddings his heir must be construed as a part of all the terms and provisions of the will, that the full and true intent of the testator might

be ascertained and enforced. Considering the will as a whole, we can arrive at no other conclusion than that the testator intended and meant to constitute Walter Giddings an heir, but to then provide for the passing of his property in such manner as he desired, and to those whom he desired to have it. He expressly provided that Walter Giddings should have the property "for and during his natural life." This language limits the estate to one for life only. In Medlin v. Medlin, 203 S.W.2d 635, 639 (writ. ref.), the Amarillo Court of Civil Appeals held: "The use and benefit of the property bequeathed constitutes the essential features of a life estate and, in fact, themselves constitute such an estate. No particular form of words is necessary for the creation of a life estate. Where a will bequeaths the use of rents or revenues or use and benefits during a life in being, its effect is to bequeath a life estate whether the technical term is used or not." Such holdings are applicable here. See also Neely v. Brogdon, Tex.Civ.App., 214 S.W. 614, affirmed, Tex.Com.App., 239 S.W. 192; Morris v. Eddins, 18 Tex.Civ.App., 38, 44 S.W. 203.

The case of McDowell v. Harris, supra, cited by appellants, is clearly distinguishable. The material part of that will is as follows: " * * * and that the said land shall be to the use of the said Charles Harris during his life and should he leave Children lawfully begotten *shall be inherited by them,* but should he not leave children, the said land shall then go to my Daughter Ann Burrall, or her Heirs forever, * * *." [107 S.W.2d 649.] (Emphasis ours.)

Here, Dorothy Wood, appellee, does not under the terms of the will inherit from Walter Giddings, but takes her estate directly under the express granting terms of the will.

Passing to the deed by Walter Giddings to H. A. Brown, such deed under Art. 1290, V.A.C.S. conveyed only the life estate of the grantor Walter Giddings. Such deed did not and could not affect the rights of the remainderman. The holdings of this Court in Evans v. Graves, Tex.Civ.App.,

166 S.W.2d 955, 959, Syls. 8–9 (ref. w. o. m.), is controlling. We there held: " * * * despite the fact that defendants have entered upon and continued in possession of lands, not in recognition of the remainder estate, but under warranty deeds of record from a life tenant, purporting a purchase and conveyance of the whole estate in fee simple, limitation against appellant remainderman did not commence to run until the death of her father, the life tenant; * * *." See, also, cases there cited.

From what we have said, we find no reversible error in appellants' assignments and they are each separately overruled. The judgment below is

Affirmed.