**Vivian SMITH, Appellant,**

v.

**Billy E. MANGER, Appellee.**

**No. 14832.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 7, 1970.

**348**

————————

Earle Cobb, Jr., San Antonio, for appellant.

Pat Maloney, Jack Pasqual, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment denying appellant, Vivian Smith, all relief sought by her in a bill of review proceeding. Appellant (then Vivian T. Manger) and appellee Billy E. Manger were divorced on April 8, 1968, in which divorce decree appellee was awarded his retirement pay as a result of his retirement from the United States Army. Appellant filed her petition for bill of review on July 15, 1968 seeking to correct that portion of the divorce judgment awarding appellee all of such retirement benefits, and asks that one-half of such retirement benefits be given to her. The trial court denied all relief asked by appellant and decreed that she take nothing against appellee.

All pertinent facts are set forth in an agreed Stipulation of Facts filed in said cause and may be summarized as follows: (a) appellee entered the military service in October of 1940. He was discharged in 1945. He re-entered the military service in 1947 and retired with a medical discharge in 1966; (b) appellant and appellee were married in the year 1951 and during thirteen of their married years, appellee was in military service; (c) the marriage of appellant and appellee was dissolved by a decree of divorce on the 8th day of April, 1968; (d) the judgment in such divorce suit is a final judgment from which no appeal has been sought; (e) appellant was represented by counsel during said divorce suit; (f) at the time of the divorce decree, appellant was of the understanding that the law in Texas provided for pension funds to be considered as separate property and not community property; (g) appellant read an article in a newspaper after such divorce decree that led her to believe that the retirement fund awarded to her husband was community property as opposed to separate property; (h) appellant then contacted an attorney and instructed him to file the present litigation; (i) the divorce decree was not entered because of any fraud or undue influence upon the part of appellee.

Appellant asserts two points of error. (1) The trial court erred in holding as a matter of law in favor of appellee. (2) The trial court erred in refusing to hold that appellant was entitled to one-half of future pension installments.

We find no merit in appellant's points of error, and they are overruled.

▮ Appellant asserts that in such divorce suit, the trial court, and appellant and appellee, were acting under a mistake of fact in regarding the pension as separate property. The record does not support such contention. There is attached to the Stipulation of Facts an excerpt of the proceedings had in the trial court in the divorce suit, which the parties have stipulated as being correct and accurate, and wherein the trial court orally pronounced his judgment with regard to the property. It is clear from such excerpt that appellant's then attorney regarded such retirement pay as community property and asserted such contention to the trial court, stating, "I'd like to quote some authorities that that is community property," to which the trial court replied, "Well, that may be

but I've made the division of the community, and I'm leaving it with him."

Moreover, there is nothing in the judgment itself to show that the trial court treated such retirement benefits as separate property. The divorce decree provides " * * * and it further appearing to the court that the plaintiff and defendant had acquired community property during their marriage and that the same should be divided, it is accordingly ordered, adjudged, and decreed as follows: (a) Vivian T. Manger shall have as her separate property and estate the household furniture * * * (various properties listed), (b) Billy E. Manger shall have as his separate property and estate * * * his retirement pay as a result of his retirement from the United States Army."

█ Although appellant asserts that the property division was unfair and inequitable, there is nothing in the record establishing this. In such property division, certain specified properties were awarded to each party without anything in the record showing the respective values of such properties. In addition, said divorce judgment provides that appellee shall be liable for all of the community debts incurred during the marriage, and there is nothing in the record before us to show the amount of such community debts. Nor is there anything in the record to show the value of appellee's retirement pay. From the record before us, we must presume that the trial court made a fair and equitable division. In any event, there is no requirement in law that community property be equally disposed of by the trial court under all circumstances, and in partitioning the community estate, the trial court is vested with wide discretion. Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ. App.—Tyler 1966, no writ); Middlesworth v. Middlesworth, 380 S.W.2d·790 (Tex.Civ. App.—Fort Worth 1964, no writ); Hayes v. Hayes, 378 S.W.2d 375 (Tex.Civ.App.— Corpus Christi 1964, writ dism'd); Bowling v. Bowling, 373 S.W.2d 829 (Tex.Civ.App.

—Houston 1963, no writ); 20 Tex.Jur.2d Divorce and Separation § 215.

Appellant relies heavily on the decision of this court in Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd). It is to be noted, however, that this court stated in such opinion, "Nothing in this opinion is intended to limit in any way the trial court's discretion in determining what would constitute a fair and equitable partition of the community estate under the facts and circumstances of this case."

█ Assuming arguendo, that the trial court regarded such retirement benefits as appellee's separate property, a judicial error is not grounds for vacating a judgment by equitable bill of review. McGlothing v. Cactus Petroleum, Inc., 394 S.W.2d 955 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.); Metropolitan Life Ins. Co. v. Pribble, 130 S.W.2d 332 (Tex.Civ.App.— Fort Worth 1939, writ ref'd); Wagley v. Wagley, 230 S.W. 493 (Tex.Civ.App.— Beaumont 1921, no writ); 34 Tex.Jur.2d Judgments § 199. Nor does a change in judicial interpretation or view of applicable law after final judgment furnish a basis for a bill of review and the bestowal of equitable relief. Pollard v. Steffens, 161 Tex. 594, 343 S.W.2d 234 (1961).

█ There is another reason why the trial court's judgment should be affirmed. It appears from the record that appellant has voluntarily accepted certain benefits under the divorce judgment. As a general rule, with some narrow exceptions, a litigant cannot treat a judgment as both right and wrong, and if he voluntarily accepts the benefits of a judgment, he cannot afterwards prosecute an appeal therefrom. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

█ Appellant also asserts that the provisions of the judgment with regard to military retirement benefits is vague and subject to various constructions. The judgment plainly provides: "Billy E. Manger

shall have as his separate property and estate * * * his retirement pay as a result of his retirement from the United States Army." We find nothing vague, ambiguous, or uncertain about the judgment in this respect. The judgment of the trial court is correct. The judgment is affirmed.