G. D. GILBERT et ux., Appellants,

v.

FRANKLIN COUNTY WATER DISTRICT et al., Appellees.

No. 8259.

Court of Civil Appeals of Texas, Texarkana.

March 4, 1975.

Carlock & Taylor, Winnsboro, Elliott & Bass, Canton, for appellants.

John Hill, Atty. Gen., Strasburger, Price, Kelton, Martin & Unis, Dallas, Woodrow Edwards, Mr. Vernon, for appellees.

RAY, Justice.

This is a summary judgment case. G. D. Gilbert and wife Mary Gilbert (plaintiffs) appellants brought suit against Franklin County Water District and the Texas Water Development Board, (defendants) appellees seeking to set aside a final judgment entered in cause No. 5338 in the District Court of Franklin County, Texas. The suit filed by appellants on November 16, 1973 was in the nature of a bill of review to set aside an agreed judgment entered on March 8, 1971 in a condemnation

case. Both appellants and appellees filed motions for summary judgment and the appellees' motion was granted. Appellants have timely filed their appeal and present two points of error for our consideration.

Appellants complain that the trial court in cause No. 5338 was, as a matter of law, without authority to condemn appellants' property for the purpose of public flood plain and then lease same out to private developers on which to build houses and lake cabins, and further, that the trial court erred in granting appellees' motion for summary judgment in the present case because there were issues of fact to be determined by a jury.

The judgment of the trial court will be affirmed.

■ The law is clear in Texas that once land has been acquired for public use in fee simple unconditional, either by the exercise of the power of eminent domain or by purchase, the former owners retain no rights in the land, and the public use may be abandoned or the land may be devoted to a different use without any impairment of the estate acquired or any reversion to the former owners. Jackson v. City of Abilene, 281 S.W.2d 767 (Tex.Civ.App. Eastland 1955, writ ref'd n. r. e.).

It is undisputed that the land in issue in this case was acquired by Franklin County Water District after a regularly instituted condemnation proceeding. It is further undisputed that:

(1) An agreed judgment was entered in Cause No. 5338 in the District Court of Franklin County on March 8, 1971.

(2) The title to the land taken by condemnation was a fee simple title.

(3) Appellants accepted and withdrew funds from the registry of the court which they have retained.

(4) That title in fee simple was transferred by the agreed judgment to Franklin County Water District.

(5) That no appeal was taken from the judgment in Cause No. 5338 and that such judgment is final.

■ An agreed or consent judgment is a contract between the parties. It excuses error and operates to end all controversy between the parties. Wagner v. Warnasch, 156 Tex. 335, 295 S.W.2d 890 (1956).

■ After an award has been made, and the money deposited in the registry of the court and the land owner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. State of Texas v. Jackson, 388 S.W.2d 924 (Tex.1965).

■ Since appellants' action in the trial court was in the nature of a bill of review seeking to set aside a final judgment entered by the trial court it was incumbent upon appellants to allege and prove:

(1) A meritorious defense to the cause of action in Cause No. 5338 in the District Court of Franklin County, Texas.

(2) That appellants were prevented from making such defense by the fraud, accident, or wrongful act of the opposite party,

(3) unmixed with any fault or negligence of their own.

Raney v. Mack, 504 S.W.2d 527, 533 (Tex. Civ.App.Texarkana 1973, no writ); Bankston v. Bankston, 251 S.W.2d 768 (Tex. Civ.App.Dallas 1952, mand. overr.).

■ The appellants alleged only matters of intrinsic fraud as distinguished from extrinsic fraud. Neither a collateral nor a direct attack upon a prior judgment can be based upon intrinsic fraud. Neill v. Neill, 386 S.W.2d 642 (Tex.Civ.App.Austin 1965, writ dism'd); Raney v. Mack, supra, 504 S. W.2d at page 533. The fraud alleged by appellants relates to the material issues in the

condemnation case (Cause No. 5338) which were:

(1) The purpose for which the land was to be used.

(2) The authority of Franklin County Water District to condemn the land.

(3) The value of the land condemned.

In appellants' objections to the award of the Special Commissioners in the condemnation suit the appellants alleged that Franklin County Water District had no right or power to condemn the property in question; that the sum awarded by the Commissioners as compensation and/or damages was insufficient and, that the Franklin County Water District was attempting to acquire the land for a private purpose in that, the district, through its board of directors, stated that such land was to be used for camp sites, trailer parks and otherwise leased to private individuals or corporations for private uses.

■ Fraud must be extrinsic to justify the setting aside of a judgment; and must be collateral to the matter tried, and not something which was actually or potentially an issue in the trial, unless the presentation of such defense was prevented by fraud, accident or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered. Raney v. Mack, supra; Bankston v. Bankston, supra.

■ It is fundamentally important in the administration of justice that some finality be accorded judgments. Bills of review are not looked upon with favor, and such actions can be prosecuted successfully only when the plaintiff can allege and prove certain relatively narrow factual propositions. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Raney v. Mack, supra; Bankston v. Bankston, supra.

It is true, as appellants contend that this court stated in Franklin County Water District v. Majors, 476 S.W.2d 371 (Tex.

Civ.App.Texarkana 1972, ref'd n. r. e.), that "When a condemnor attempts to condemn land and has not established the specific purpose for which the tract of land is being condemned, such is an abuse of discretion as a matter of law." In *Majors* the issue of whether or not the water district was entitled to take land above 390 feet mean sea level was litigated in the trial court. There the jury found that the water district was going to use the condemned land for unauthorized purposes. We affirmed the trial court's judgment denying the district the right to take land *above* 390 MSL for cabin sites and trailer camps because the water district was not authorized to take land by condemnation for such purposes. In the Majors case, the issue involved the taking of land *above* 390 feet MSL, whereas, the Gilberts' bill of review contests the taking of their land *below* an elevation of 390 feet MSL. The land taken *below* 390 feet MSL as a flood plain was not a contested issue in the *Majors* case.

■ In the instant case the Gilberts failed to litigate the material issues in the condemnation case and entered into an agreed judgment. Appellants did not allege that they were prevented from trying the condemnation case by some fraudulent act or acts perpetrated by appellees. Since all of the matters raised in appellants' pleadings were actually or potentially in issue in the condemnation case, the fraud thus alleged by appellants only alluded to intrinsic fraud and intrinsic fraud will not support a direct or collateral attack upon a prior judgment. Thus, appellants' failure to litigate the question of appellees' right to take land below the elevation of 390 feet MSL at a time when they had the right to do so in the condemnation case, cuts them off from the right to do so now. Further, the taking of land for a public flood plain was authorized by the statute creating the Franklin County Water District, Vernon's Tex.Rev.Civ.Stat. Ann. art. 8280–341 [1], whereas land taken for cabin sites and trailer camps above the

1. The Franklin County Water District was created by Acts 1965, 59th Legislature, p. 1668, chapter 719, effective June 19, 1965.

flood plain was not an authorized taking. Franklin County Water District v. Majors, supra. The fact that the water district may now be allowing people to construct buildings upon the flood plain does not alter the fact that the water district had the right, as authorized by statute, to take the land for flood plain purposes. In *Majors* we stated, "The *testimony* reflected that the flood frequency between an elevation of 385 feet and 390 feet above mean sea level will only be once in one hundred years." Those who are building houses on the flood plain risk having their houses flooded one or more times during one hundred years.

Appellants' points of error are overruled. The judgment of the trial court is affirmed.