**Jeanne Louise WALKER, Appellant,**

v.

**Lawrence WALKER, Appellee.**

**No. 04–83–00475–CV.**

Court of Appeals of Texas,
San Antonio.

May 15, 1985.

Quinton Etzel, Del Rio, for appellant.

Richard Gutierrez, Garcia & Gutierrez, Del Rio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a trial court judgment denying appellant's first amended pe-

tition for bill of review of a divorce decree entered after the United States Supreme Court ruling in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), but before the Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 (West 1983) took effect.

Appellant was divorced from appellee on September 24, 1981. The parties entered into a written agreement respecting a division of their community property which was approved by the court and incorporated into the divorce decree by reference. The agreement stated that the property awarded to the appellee included: "[a]ny and all insurance, pensions, retirement benefits and other benefits arising out of Husband's employment with the U.S. Air Force." On May 11, 1983, appellant filed a petition for bill of review in the district court of Val Verde County, Texas, and an amended petition for bill of review on June 28, 1983, wherein she requested a new trial in order that the court could divide U.S. Air Force retirement benefits and civil service retirement benefits earned by the appellee during the marriage of the parties. On September 7, 1983, the trial court entered a judgment denying appellant's first amended petition for bill of review. Appellant presents three points of error. We affirm.

In point of error number one, appellant alleges the trial court erred in denying her bill of review because the denial is a total disregard of legislation from the United States congress which deals directly with the problem involved in this case and ignores the clear legislative intent shown to the trial court by the evidence offered during the trial court hearing. In support of this proposition, the appellant refers us to 10 U.S.C.A. § 1408(c)(1) (West 1983) wherein, it is stated that "a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." We disagree with appellant's position.

A bill of review is an equitable remedy designed to prevent manifest injustice. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). One seeking a bill of review must come into court with clean hands and must plead and prove that the judgment which he seeks to set aside was not the result of his own negligence or fraud, but was the fault of the other party. *See Alexander v. Hagedorn*, 148 Tex. 565, 568–69, 226 S.W.2d 996, 998 (1950). Further, the plaintiff in such suit must show a meritorious defense to the cause of action, that he was prevented from making the defense by the fraud, accident or wrongful act of the opposite party, and that there was no fault or negligence on his own part. *See Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.1974). Bills of review are not looked upon with favor and such actions can be prosecuted successfully only when the plaintiff can allege and prove certain relatively narrow factual propositions. *Gilbert v. Franklin County Water District*, 520 S.W.2d 503, 506 (Tex.Civ.App.—Texarkana 1975, no writ).

The appellant has not contested jurisdiction in this case. She testified she was represented by counsel of her choice in a divorce proceeding, there was no fraud on the part of appellee in the procurement of this judgment, and there was no accident or mistake of law. Appellant's sole basis for the bill of review is that after final judgment the law has changed, and for that reason, she should be given a new trial. It is to be remembered that the property division in this case was effected by a written agreement between the parties which the court merely approved and incorporated into the divorce decree by reference. An agreed or consent judgment is a contract between the parties. It excuses error and operates to end all controversy between the parties. *Wagner v. Warnasch*, 156 Tex. 334, 339, 295 S.W.2d 890, 893 (1956). This court has once before spoken on this issue. In *Smith v. Manger*, 449 S.W.2d 347 (Tex.Civ.App.—San Antonio 1970, no writ), we heard a proceeding for bill of review brought by a wife seeking to

correct a portion of her divorce judgment. The wife argued that she, her attorney and the trial judge believed that her husband's military pension funds were his separate property at the time of the divorce. The trial court treated the husband's retirement benefits as his separate property and the wife sought to vacate the judgment by bill of review. We held that a change in judicial interpretation or view of applicable law after final judgment has been entered does not furnish a basis for bill of review and the bestowal of equitable relief. *Id.* at 349; *see also Pollard v. Steffens,* 161 Tex. 594, 600, 343 S.W.2d 234, 238 (1961).

■ It is fundamentally important in the administration of justice that some finality be accorded judgments. *See Gilbert,* 520 S.W.2d at 506. In the present case, both the appellant and appellee have testified that there was no fraud, deceit, accident or mistake in the procurement of the divorce judgment. Both parties were represented by counsel, both parties agreed to the division of community property, and both parties requested the court to approve the agreement and make it part of the court's judgment.

Accordingly, appellant's point of error number one is overruled.

■ In point of error number two, the appellant alleges that three cases cited in the appellee's memorandum of law have no direct application to this case and the trial court erred in relying on the authority cited in that memorandum of law in making its decision to deny the appellant's bill of review. This point of error presents nothing for review as there is nothing in the record to demonstrate that the trial judge in fact took these cases into consideration. Point of error number two is overruled.

■ In point of error number three, the appellant states that the trial court erred in denying her petition for bill of review because she is entitled to a re-opening of her post-*McCarty* property settlement and divorce decree pursuant to the USFSPA and she is not barred by the doctrine of res judicata. Appellant testified that the re- tirement benefits were never considered by her or her attorney in negotiating the property settlement because retirement benefits were considered separate property. Appellant states that the provision in the agreement incident to divorce regarding retirement benefits was included by the appellee's attorney who drafted the agreement and the divorce decree. Appellant and her attorney did not object to the inclusion of the retirement benefits provision because it was considered to have no legal effect. Appellant argues that a portion of a judgment that enters a decree under a compromised settlement that the court has no jurisdiction to enter is not res judicata, *citing Brown v. Wood,* 239 S.W.2d 195 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r. e.). She states further that at the time the divorce decree was entered, the court had no jurisdiction to award the Air Force retirement benefits to either party because the court was required to treat those benefits as separate property pursuant to the *McCarty* decision. The appellee would show that the parties partitioned their property pursuant to a property settlement agreement. The court approved the agreement and incorporated it into the decree of divorce. The court had jurisdiction of the parties and of the property. Appellee argues, and we agree, that there is no Texas case law that says a party may not partition or bargain away his separate property to his spouse. The law simply states a party may not be divested of his separate property by the court. *See Cameron v. Cameron,* 641 S.W.2d 210, 220 (Tex.1982); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex.1977). Even the *McCarty* decision simply stated that a trial court was to treat the military retirement benefits as separate property, and as such, the court could not divest the service member of the same.

■ In this case the trial court did not divest either party of any property. The partition agreement was voluntary and bargained for by both parties and their attorneys. The appellee testified he was specifically bargaining for his military retirement benefits. The *Brown v. Wood* case cited

by the appellant is not applicable to this case. In that case, the court held that it did not have jurisdiction to vest fee simple title in the appellant at the expense of the remaindermen who had not been parties to the original lawsuit and compromise agreement. *Brown,* 239 S.W.2d at 200. Nevertheless, the compromise agreement is to be considered valid and effective as a prior agreement between the parties who actually executed it. *Id.* at 199. In the case before us, both the appellant and the appellee were parties to the compromise agreement and the consent judgment and as such they are bound by it. We hold that the compromise agreement executed by the parties is binding on the parties and it may not now be set aside by bill of review. Appellant's point of error number three is overruled.

Accordingly, the judgment of the trial court is affirmed.

BUTTS, J., dissents without opinion.