**Elvin J. FORSMAN, Appellant,**

v.

**Janice M. FORSMAN, Appellee.**

**No. 04–83–00341–CV.**

Court of Appeals of Texas,
San Antonio.

April 3, 1985.
Rehearing Denied June 10, 1985.

Robert E. Kozlowski, Sr., San Antonio, for appellant.

Tim Tynan, Kirk Patterson, Stewart, Hemmi & Pennypacker, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

This is an appeal from the granting of a summary judgment in favor of appellee, Janice M. Forsman, against her former spouse, appellant, Elvin J. Forsman.

Appellant entered the military on October 26, 1953, and retired on February 1, 1976, after active duty service of twenty-two years and eleven days. He married appellee on March 10, 1956. Their divorce was entered on September 1, 1981, approximately two months after *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) was decided. Thus, the *McCarty* decision was controlling at the time the divorce was granted.

Appellee brought a suit for partition of the military retirement benefits accrued during the course of the marriage but not divided upon divorce. Appellee filed a motion for summary judgment which was granted by the court. The court found the divorce decree entered on September 1,

1981, failed to dispose of the parties' community property interest in United States Air Force retirement benefits. Appellee was awarded forty-five percent of all appellant's disposable retirement pay.

Appellant brings forth four points of error which, in summary, contend error by the trial in holding that the divorce decree did not dispose of his retirement benefits or finally adjudicate the property rights of the parties to those benefits; and, the trial court failed to consider the contractual alimony provision of the divorce decree as an offset. Additionally, appellant argues that the Uniformed Services Former Spouses Protection Act does not apply retroactively to the facts of this case.

At the time of the divorce proceeding, such benefits could not be divided pursuant to state community property laws because of the United States Supreme Court decision in *McCarty*. *McCarty*, however, has no effect in Texas jurisprudence since the passage in 1982 of the Uniformed Services Former Spouses Protection Act, 10 U.S. C.A. § 1408 (West 1983). The Act contained this provision relative to the *McCarty* decision which was handed down on June 26, 1981:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of said court.

10 U.S.C. § 1408(c)(1).

In *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982), our supreme court stated: "On September 9, 1982, the President signed into law the Uniformed Services Former Spouses Protection Act.... The purpose of the act was to reverse the effect of the *McCarty* decision." 641 S.W.2d at 212.

Thus, when the Act became effective on February 1, 1983, it reached back into time and reversed the effects of *McCarty*. The supreme court in *Cameron* applied the Act retroactively. *See also Voronin v. Voro-*

*nin,* 662 S.W.2d 102, 106 (Tex.App.—Austin 1983, no writ); *Gordon v. Gordon,* 659 S.W.2d 475, 477–78 (Tex.App.—Corpus Christi 1983, no writ).

■■■ Since the *McCarty* decision is to be given no application, Texas community property laws apply to appellant's military retirement benefits. The portion of military retirement benefits earned during marriage are community property; retirement benefits not divided upon divorce are owned by the parties as tenants-in-common. *Taggart v. Taggart,* 552 S.W.2d 422 (Tex. 1977); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976); *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). Either party, as co-tenant, has the right to bring a partition suit. *Busby,* 457 S.W.2d at 554–55.

The trial court correctly divided the appellant's military retirement benefits pursuant to the formula developed in *Cearley, supra,* and refined in *Taggart, supra.*

Appellant maintains that *McCarty* rendered Texas courts powerless to divide military retirement benefits in a divorce decree; appellant's pension was, therefore, his separate property. This separate property was awarded to appellant by "implication," he argues, with the following language which appears in the divorce decree at the end of a list of property and which awarded to appellant: "All personal property not in Respondent's [appellee's] possession or otherwise enumerated herein."

■■ The language to which appellant directs our attention is a standard provision in many divorce decrees which appears after a listing of property awarded by the court. Its purpose is to award to a party items of personalty and other property which may have been omitted from the court's consideration. At the time of the divorce proceedings, the divorce court was under the mandate of *McCarty*. The military retirement benefits were not subject to division as they were classified as the separate property of the appellant. They could not, therefore, be incorporated by "implication" in a listing of community property awarded by the court.

█ Further, the divorce decree is not *res judicata* of the benefits as respondent contends. The benefits were not included in the decree by direct reference or by "implication," and appellee is not barred from seeking a partition of the benefits as undivided community property. *Busby,* 457 S.W.2d at 554–55.

Appellant also contends that the contractual alimony incorporated in the divorce decree was agreed to by appellant on an equitable basis because the parties knew, under *McCarty,* the military retirement benefits were not divisible. Appellant states that the trial court refused to consider the alimony as an offset to the partition award.

█ There was no evidence of this contention in the summary judgment proof. Under Rule 166–A of the Texas Rules of Civil Procedure, the non-moving party is required to bring any fact issues to the attention of the trial court as a predicate to relying on those on appeal as a grounds for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979). Therefore, appellant has not preserved error and we cannot review the trial court's disallowance of an offset.

The judgment of the trial court is affirmed.