**Geraldine M. WRIGHT, Appellant,**

v.

**Victor C. WRIGHT, Appellee.**

**No. 04–85–00165–CV.**

Court of Appeals of Texas,
San Antonio.

May 7, 1986.
Rehearing Denied May 22, 1986.

Earle Cobb, Jr., San Antonio, for appellant.

Lawrence A. Beauchamp, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order denying a partition of military retirement benefits and, in the alternative, an equitable bill of review. Appellant, Geraldine M. Wright (Geraldine), brought this action against appellee Victor C. Wright (Victor), seeking to partition Victor's military retirement benefits and obtain Geraldine's community interest pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA). 10 U.S.C.A. § 1408 (1982). We affirm.

This cause arose from a divorce decree entered into by Geraldine and Victor. The decree became final on May 3, 1982 and, among the property distributed, the judgment awarded to Victor his military retirement benefits.

The divorce was not appealed.

During the trial on her suit for partition, Geraldine filed a motion for leave to amend and verify her pleadings as a trial amendment. The trial court overruled and denied the motion on March 25, 1985 and entered judgment denying a partition of Victor's military retirement benefits.

The pertinent language of the decree of divorce reads as follows:

> The Court finds that the following is just and right, having due regard for the rights of each party;
>
> Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:
>
> *    *    *    *    *    *
>
> 4. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Petitioner's past, present, or future employment.
>
> Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property:
>
> *    *    *    *    *    *

4. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Petitioner's past, present, or future employment.

During the trial of her suit for partition, Geraldine filed a motion for leave to amend and verify her pleadings as a trial amendment. The trial court overruled and denied the motion on March 25, 1985, and entered judgment denying the attempted partition and, in the alternative, the bill of review. On appeal, Geraldine alleges four points of error:

Point of Error Number 1.

The Trial Court erred in denying a partition of the military retirement benefits pursuant to the Uniformed Services Former Spouses' Protection Act.

Point of Error Number 2.

The Trial Court erred in denying Plaintiff a Bill of Review for the reason that it was undisputed that the military retirement benefits were community property and had not been partitioned by the Trial Court.

Point of Error Number 3.

The Trial Court erred in denying Plaintiff's motion to amend to verify the pleadings and to plead mistake after the issues had been tried by consent and the Court had orally permitted Plaintiff to amend.

Point of Error Number 4.

The Trial Court erred in refusing to partition the military retirement benefits by prorating them 13/20ths as community property and dividing the community portion by awarding 13/40ths to Plaintiff.

In Defendant's Original Answer, Victor inartfully pleads the affirmative defense of res judicata pursuant to the requirements of TEX.R.CIV.P. 94. In order for the affirmative defense of res judicata to apply, there must be an identity of (1) parties, (2) issues, (3) subject matter, (4) relief sought, and (5) causes of action. *Goodier v. Duncan*, 651 S.W.2d 25, 27 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). In comparing the instant case and the prior case, the parties in both cases are the same and there are identical issues and causes of action.

Res judicata is the doctrine that a right, question of fact, put in issue and determined by a court of competent jurisdiction cannot be further litigated in a subsequent suit between the same parties on their privies. *Davis v. First National Bank of Waco*, 139 Tex. 36, 161 S.W.2d 467, 471 (1942). The rule of res judicata bars litigation of all issues connected with a cause of action or defense which, with use of diligence, might have been tried in a former case, as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (1963). And the rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party who has had a fair trial from relitigating the same issue. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (1971).

The application of res judicata to suits subsequent to divorces granted during the so-called "gap" between *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and the enactment of the USFSPA, has been apparent in at least three cases before this court.

In *Forsman v. Forsman*, 694 S.W.2d 112 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), an appeal was taken from the granting of a summary judgment in favor of the ex-wife against her ex-husband in a suit brought for the partition of the husband's military retirement benefits accrued during the course of the marriage but not divided upon divorce. This court held that the divorce decree, granted when *McCarty* applied, was not res judicata as to the distribution of the husband's military retirement benefits in the subsequent partition action filed after the effective date of the USFSPA. *Id.* at 115. This court further held that the benefits were not included in the

decree by direct reference or by "implication," and appellee is not barred from seeking a partition of the benefits as undivided community property. *Id.*

The principles governing *Forsman* do not directly apply to the facts before us. In *Forsman*, the military retirement benefits accrued during the course of the marriage were *not* divided upon divorce. In the instant case, the decree of divorce specifically and unambiguously orders that each party retain the benefits of their respective retirement plans.

In *O'Connor v. O'Connor*, 694 S.W.2d 152 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), a Bexar County district court awarded the wife a thirty-four (34) percent share of all her husband's future military retirement benefits and arrearages for her share of payments received by him from the date of the divorce through the date of the judgment in the partition suit. However, the trial court specifically excluded the military retirement benefits. This court held that the specific language in the decree of divorce, stating that the trial court had no jurisdiction over the retirement benefits earned by the husband by virtue of his service with the Air Force, controlled over the general language located earlier in the decree which awarded miscellaneous items to the husband and which included "retirement benefits." *Id.* at 155. This court further held that the divorce decree was not ambiguous and therefore we refused to consider any extrinsic evidence. *Id.*

The decree in *O'Connor* involved similar language as that in the case before us but with an important distinction:

Respondent, WILLIAM J. O'CONNOR, shall receive and is hereby awarded as his sole and separate property, free from any claim of Petitioner, EMORPHIA P. O'CONNOR, the following:

\* \* \* \* \* \*

4. All checking accounts, savings accounts, insurance policies, *retirement benefits* and other personal property in his name or possession.

\* \* \* \* \* \*

All relief not specifically granted, is hereby DENIED. *The Court finds that it has no jurisdiction of the retirement benefits earned by the respondent,* WILLIAM J. O'CONNOR, *by virtue of his service with the United States Air Forces and makes no disposition of any of such benefits.* [Emphasis ours.]

The language in *O'Connor* required this court to resolve an ambiguity between the granting of retirement benefits to the husband and the denial of said benefits in another provision of the decree. To resolve the ambiguity, the court in *O'Connor* applied the well established rule of construction that the specific language of an instrument controls over its general terms. *Parker v. Delcoure*, 455 S.W.2d 339, 344 (Tex. Civ.App.—Fort Worth 1970, writ ref'd n.r. e.). We are not faced with such an ambiguous decree in the case at bar.

After a careful review of the case law, *Breen v. Breen*, 693 S.W.2d 495 (Tex.App. —San Antonio 1985, writ ref'd n.r.e.) provides the clearest guidance. In *Breen*, a former wife brought a suit to partition military retirement benefits which were previously awarded to the husband in a prior divorce. The husband pled res judicata. The district court held, under the USFSPA, that the wife was entitled to a modification of the divorce decree and awarded her thirty-five (35) percent of the husband's future military retirement pay. This court held that where the original decree of divorce, entered prior to the effective date of the USFSPA but subsequent to *McCarty*, precluded the partition of military retirement pay and therefore was silent as to the division of the husband's military retirement benefits, the relationship of the former spouses would be as tenants-in-common thereby subjecting said military retirement benefits to a subsequent partition action. *Id.* at 496–97 n. 1; *Harkrider v. Morales*, 686 S.W.2d 712, 715 (Tex.App.—San Antonio 1985).

■ This court clearly defined the issue in *Breen* and that is the issue before us in the instant case: Did the USFSPA give Texas courts the power to modify a final judgment rendered after *McCarty* but before the Act, which specifically awarded a spouse's military retirement benefits to that spouse? The answer in *Breen* was "No" then and it is "No" in the case before us.

We agree with the reasoning in *Breen* that it is pure speculation to evaluate the degree of unfairness to litigants who are not awarded a share of their spouse's military retirement benefits because their divorce became final between June 25, 1981 and February 1, 1983. *Id.* 693 S.W.2d at 498. We emphatically agree that of equal difficulty would be measuring the disruption to property and contractual rights for those who are relying on the validity of judgments finalized during that period. *Id.*

In upholding the husband's defense of res judicata to the partition action at bar, we place little importance on the fact that the trial court in both *Breen* and the case at bar had never considered the military benefits as community property. We can perceive of no area of law requiring more stability and finality than family law. *Ex parte Hovermale*, 636 S.W.2d 828, 836 (Tex.App.—San Antonio 1982, no writ). In addition, the scope of USFSPA makes it clear that while Congress was aware of the anomaly presented by "interim" divorce decrees, it also was aware that both parties could enter into unambiguous agreed judgments which awarded retirement benefits to each spouse:

> Former spouses divorced in the interim period between the *McCarty* decision and the effective date of this law will have the opportunity to return to court to have their decrees modified in light of this legislation. However, nothing in this bill would mandate payments of retired pay which had been disbursed during the period between the date of the *McCarty* decision and the effective date of this legislation.

S.REP. No. 97–502, 97th Cong., 2d Sess. 3, *reprinted in* 1982, U.S.CODE CONG. & AD.NEWS 1555, 1596.

We overrule Geraldine's first point of error.

In considering Geraldine's second point of error, we note that she alleges that the trial court erred in denying her bill of review because it was undisputed that the military retirement benefits were community property and had not been partitioned by the trial court. Geraldine offers no authority for this novel claim.

■ A bill of review is an equitable remedy designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). One seeking a bill of review must come into court with clean hands and must plead and prove that the judgment which he seeks to set aside was not the result of his own negligence and fraud, but was the fault of the other party. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Further, the plaintiff in such suit must show a meritorious defense to the cause of action that he was prevented from making defense by the fraud, accident or wrongful act of the opposite party, and that there was no fault or negligence on his own part. *Petro Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.1974). In addition, bills of review are not looked upon with favor and such actions can be prosecuted successfully only when the plaintiff can allege and prove certain relatively narrow factual propositions. *Gilbert v. Franklin County Water District*, 520 S.W.2d 503, 506 (Tex. Civ.App.—Texarkana 1975, no writ). Such pleadings must be verified. 34 TEX. JUR.2d *Judgments* § 243, p. 131 (1962).

■ A careful search of the record reveals that Geraldine failed to satisfy her aforementioned elements required to grant a bill of review. As such, the trial court regarded Victor's retirement benefits as his separate property pursuant to the agreed judgment of the parties and the then applicable law in *McCarty*. Furthermore, a change in judicial interpretation or view after a final judgment, such as that embod-

ied in the USFSPA, does not furnish a basis for a bill of review and the bestowal of equitable relief. *See Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 238 (1961); *Smith v. Manger,* 449 S.W.2d 347, 349 (Tex.Civ.App.—San Antonio 1970, no writ).

We overrule Geraldine's second point of error.

In Geraldine's third point of error, she alleges that the trial court committed error in denying her motion to amend to verify the pleadings after the issues had been tried by consent and the trial court had orally permitted her to amend. The record shows that this application for bill of review was not verified and we hold that as such this bill of review is invalid. *Barnard v. Kuldell,* 349 S.W.2d 313, 313 (Tex.Civ. App.—Houston 1961, no writ); *Warne v. Jackson,* 273 S.W. 315, 318 (Tex.Civ.App.— San Antonio 1925, writ dism'd); *Patrucio v. Selkirk,* 160 S.W. 635, 636 (Tex.Civ.App. —Austin 1913, writ ref'd); 4 R. Mc-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 18.-27.1 n. 5 (Rev.1984). While this requirement may be waived by the failure to object, *Galaznik v. Galaznik,* 685 S.W.2d 379, 383 (Tex.App.—San Antonio 1984, no writ), Victor did object to appellant's failure to verify the pleadings and the objection was well taken.

The trial court is vested with discretion to deny or allow trial amendments under the terms of TEX.R.CIV.P. 66. The order of the trial court denying the filing of a trial amendment will not be set aside in the absence of a clear showing that the court abused its discretion. *Lord v. Insurance Co. of North America,* 513 S.W.2d 96, 101 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *Ka-Hugh Enterprises, Inc. v. Ft. Worth Pipe & Supply Co.,* 524 S.W.2d 418, 422 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). Since Geraldine made no showing of harm or an abuse of discretion by the trial court in its denial of her trial amendment, we hold that no harm is apparent from the record.

We overrule Geraldine's third point of error.

In Geraldine's final point of error, she alleges that the trial court erred in refusing to partition Victor's military retirement benefits according to a fractional distribution which she alleges she is owed. Since we have already determined that Geraldine is not entitled to a partition of Victor's military retirement benefits, there is no need to determine the equity of a distribution that does not exist. We overrule Geraldine's final point of error.

Accordingly, we hold that the trial court's judgment in all things be affirmed.