ANN L. DENBOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Denbow v. Commissioner
Docket No. 9812-87.
United States Tax Court
T.C. Memo 1989-92; 1989 Tax Ct. Memo LEXIS 92; 56 T.C.M. (CCH) 1397; T.C.M. (RIA) 89092; 10 Employee Benefits Cas. (BNA) 2201; March 9, 1989. *92 Held: Pursuant to a stipulated property settlement agreement incident to divorce, petitioner was awarded all of her former spouse's Air Force retirement benefits, Veterans Administration educational benefits, and weekly payments of $ 210. Held: as petitioner had a one-half community property interest in all compensation earned by her husband during coverture, including military retirement benefits which, under Texas law, are earned ratably over the period of employment, she is taxable on one-half of his retirement benefits. Held further: the remainder of the payments received by petitioner from her former spouse are periodic payments under section 71(a)(1). Held further: petitioner is not liable for an addition to tax for negligence pursuant to section 6653(a). Donald T. Smith, for the petitioner. John S. Repsis, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated January 27, 1987, respondent determined a deficiency in petitioner's 1983 Federal income taxes in the amount of $ 4,776. Respondent also determined that petitioner was liable for an addition to tax pursuant to section 6653(a)(1)[1] in the amount of $ 238.80, and *93 an addition to tax pursuant to section 6653(a)(2) of 50 percent of the interest due on $ 4,776. The only issue presented, aside from petitioner's liability for these additions, is whether $ 21,055 which petitioner received from her former husband during 1983 pursuant to their decree of divorce is includable in petitioner's income. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Fort Worth, Texas, at the time she filed her petition. The parties have agreed that both petitioner and her husband, David E. Denbow (Denbow), were residents of Texas at all times relevant to this case, and that the law of Texas, a community property state, is determinative of their property rights. Petitioner and Denbow were married on September 7, 1954. Denbow was on active duty in the United States Air Force from the time he and petitioner were married until his retirement in 1974. Denbow's *94 position with the Air Force required that he and petitioner move every few years, thus making it impossible for petitioner to maintain steady full-time employment. Petitioner therefore depended upon Denbow for support during their marriage. Petitioner and Denbow were divorced by decree dated December 10, 1980. That decree memorialized a property settlement agreement which awarded Denbow: Any and all sums of cash in possession of or subject to the control of [Denbow], including money on account in banks, savings institutions, or other financial institutions, which accounts stand in [his] name or from which [he] has the right to withdraw funds or which are subject to [his] control. The decree contained identical provisions with respect to petitioner. The decree also gave Denbow "the land and house located in Corsicana, Texas," which was actually owned by his father. Petitioner remained in possession of the family home, and was to be responsible for the mortgage thereon until she moved or remarried, in which case the home was to be sold and the proceeds divided into equal shares. By an undated affidavit, Denbow later relinquished his right to share in the proceeds of the sale of *95 the family home. The decree stated that Denbow "further agrees to give and relinquish to [petitioner] his Air Force Retirement check in the sum of $ 1,323.96 per month. [Denbow] further agrees to pay [petitioner] the sum of $ 210 per week and the money received from the Veterans Administration for attending school." As petitioner was not employed at the time the divorce became final, Denbow intended that these payments be used to finance the education of their two children who were still in college, and to make the mortgage and utility payments on the family home. Petitioner became employed on a full-time basis in May 1981. Denbow's retirement checks were sent directly to petitioner's address. Denbow requested that his employer also send his paycheck directly to petitioner unless he directed otherwise. However, because Denbow often directed otherwise, petitioner on many occasions did not receive the entire sum to which she was entitled under the decree. [2] *96 OPINION Ordinarily, gross income includes alimony or separate maintenance payments, sections 61(a)(8) and 71, [3] *97 and pensions, section 61(a)(11). This dispute concerns whether the payments received by petitioner pursuant to the December 10, 1980, divorce decree fall into either of these categories of income, or constitute periodic payments with respect to petitioner's interest in community property. See sec. 1.71-1(c)(4), Income Tax Regs. For convenience, we address the issue of Air Force retirement pay separately. Air Force Retirement Benefits
Although the taxation of property interests is determined under Federal law, it is local law that determines the nature of the property interests created. United States v. Mitchell,403 U.S. 190 (1971); Morgan v. Commissioner,309 U.S. 78 (1940). Under Texas law, military retirement benefits earned during marriage are community property, and benefits not divided upon divorce are owned by the parties as tenants-in-common. Forsman v. Forsman,694 S.W.2d 112 (Tex. Civ. App. 1985). See Cearley v. Cearley,544 S.W.2d 661 (Tex. 1976); Busby v. Busby,457 S.W.2d 551 (Tex. 1970). Texas law characterizes military retirement benefits as compensation for services which are earned over the course of employment, and not as a gift or gratuity. Marks v. Marks,470 S.W.2d 83 (Tex. Civ. App. 1971). Petitioner argues that all of Denbow's retirement benefits passed to him under the clause in the decree awarding him cash in his possession or control and accounts from which he has the right to withdraw. Petitioner further *98 argues that "The parties intended to balance the * * * division of property by requiring David Denbow to pay to [petitioner] $ 1,323.96 per month. The fact that David Denbow chose to satisfy this obligation from his Air Force Retirement Funds does not transfer any of the property right in this benefit to the [petitioner]." Respondent cites Lowe v. Commissioner,T.C. Memo. 1981-350, in support of his position that at least one-half of Denbow's retirement benefits constituted petitioner's interest in community property.[4]
Petitioner's argument that the retirement benefits became Denbow's separate property upon divorce, taxable solely to him, is untenable, and not only because it is clearly contrary to the language of the divorce decree. The property interests which Texas law created *99 in Denbow's retirement benefits were not created by that decree, but rather by virtue of the services rendered by Denbow during his years in the Air Force. Under Texas law, a civilian spouse's rights in her spouse's military retirement benefits become vested at the time they are earned, even if such rights are subject to divestment under certain conditions, such as dishonorable discharge or the failure of the military spouse to complete a required term of military service. Cearley v. Cearley, supra."If the petitioner had a vested interest in the community income, she must report and pay a tax on one-half of such income." Bagur v. Commissioner,66 T.C. 817, 820 (1976), remanded on another issue 603 F.2d 491 (5th Cir. 1979). Therefore, one-half of Denbow's retirement benefits are includable in petitioner's income as her share of those benefits. Lowe v. Commissioner, supra.[5] *100 Although Texas nominally does not permit court-ordered alimony, see Benedict v. Commissioner,82 T.C. 573, 576 (1984); McElreath v. McElreath,345 S.W.2d 722 (Tex. 1961); [6] "the labels attached to payments mandated by a decree of divorce or marriage settlement agreement are not controlling," and we will look to the facts and circumstances surrounding the divorce to determine what the payments represent. Benedict v. Commissioner, supra at 577. Section 71(a)(1) provides the general rule that upon divorce, a wife's income includes "periodic payments (whether or not made at regular intervals) received after [the divorce] decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree * * *." Section 71(c)(1) provides an exception to this rule, [7] *102 stating that such periodic payments do not include "installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree * * *." While a principal sum must be specified, it may be determined indirectly, such as in the case where it is *101 necessary only "to multiply the payments by a period certain in order to determine the principal sum specified." Kent v. Commissioner,61 T.C. 133, 136 (1973). However, the exception does not apply "If, by the terms of the decree, * * * the principal sum * * * is to be paid or may be paid over a period ending more than 10 years from the date of such decree." Sec. 71(c)(2). In that case, the installment payments shall be treated as periodic payments for purposes of subsection 71(a) to the extent of 10 percent of the principal sum in any one taxable year. The decree does not specify a sum certain to be paid in installments; it does not state the period of time over which such payments may be made, nor does it provide for continued installments notwithstanding such contingencies as Denbow's death or petitioner's death or remarriage. The decree is silent as to whether payments are to continue in the event of the death of either petitioner or Denbow. Petitioner has not shown or even argued that the payments would not cease upon her death, or that they would continue after Denbow's death. The general rule appears to be that in the absence of contrary provisions in the decree, periodic payments which are not clearly in the nature of a property settlement cease upon the death of either spouse or the remarriage of the recipient spouse. [8] These infirmities are fatal to petitioner's argument that the payments are in respect of a division of community property for Federal income tax purposes. Even if we were to calculate a principal sum and period of payment actuarially, section 1.71-1(d)(3), Income Tax Regs., states that even when payments are to be made over a period of less *103 than 10 years, they are still considered periodic payments under section 71(a) if they are subject to any contingency of death of either spouse, remarriage of the wife, or change in either spouse's economic status, and if the payments are in the nature of alimony or an allowance for support. We therefore find that the portion of Denbow's retirement benefits which does not represent petitioner's community interest constituted periodic payments taxable to her pursuant to section 71(a)(1). Petitioner argues that she can have no rights in Denbow's retirement benefits since they cannot be reached in an attachment proceeding against the United States should Denbow remove himself from the State of Texas and the jurisdiction of its courts. Petitioner cites United States v. Stelter,567 S.W.2d 797 (Tex. 1978), in which the Supreme Court of Texas *104 held that the United States had not consented to be sued in a garnishment action to enforce a property settlement, although it had so consented with respect to alimony and child support arrearages under section 459 of the Social Security Act, Title 42 U.S.C. sec. 659 (1982). However, since the decision in Stelter, Congress has enacted the Uniformed Services Former Spouses Protection Act, 10 U.S.C. sec. 1408 (1982) (hereinafter, section 1408), pursuant to which a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. Section 1408(c)(1). Pursuant to section 1408(d)(1), such treatment may be afforded for purposes of satisfying obligations with respect to alimony, child support, or property settlement agreements, thus making Denbow's retirement check subject to partial direct payment to petitioner. Section 1408(e)(1) does however limit the amount of military retirement pay subject to direct payment to the former spouse to 50 percent of his disposable retired or retainer pay. [9] *105 Petitioner's argument is, in effect, that because her right to Denbow's retirement benefits may become difficult to enforce, she has no property rights in those benefits. Section 1408 was enacted on September 8, 1982, in response to McCarty v. McCarty,453 U.S. 210 (1981), [10] and was made retroactive to the day before that case was decided. Before section 1408's enactment, there was "no Federal enforcement mechanism for court-ordered property division of military retired pay available to former spouses of military personnel." S. Rept. No. 97-330, p. 167 (1982), 1982 U.S. Code Congressional and Administrative News, vol. 3, p. 1555, 1572. However, with section 1408's enactment, Congress did not intend to limit a state court's authority to make awards with respect to community property: The bill does not require any division of retired pay by a State court; nor does it prohibit such division. Treatment of such retired pay -- with certain limitations *106 -- generally would be dependent on the divorce and property laws applied by the courts of the jurisdiction in which a divorce or other related decree is issued. S. Rept. No. 97-502, p. 4, 1982 U.S. Code Congressional and Administrative News, vol. 3, p. 1596, 1598. It is clear that Congress did not intend to restrict the powers of state courts to make equitable awards incident to divorce, whether they be in the nature of alimony, child support, or property settlements. Respondent's determination with respect to Denbow's entire retirement benefit is therefore sustained. Other Sums
Pursuant to the divorce decree, petitioner was also to receive the sum of $ 210 per week and any Veterans' Administration educational benefits received *107 by Denbow. Petitioner once again makes the argument that these payments were part of the property settlement agreement and not alimony, although she concedes that "the income tax provisions may require these sums to be taxed to her regardless of the provisions of Texas property law * * *." Petitioner's argument fails with respect to the weekly payments and Veterans' Administration benefits for the same reasons as it did with respect to that portion of Denbow's retirement benefits which was not her share of community property. No principal sum can be determined from the face of the decree either directly or indirectly, and there is nothing to indicate that the payments would continue past the death of either party. We therefore find for respondent on this issue. Additions to Tax
Respondent has determined that petitioner is liable for additions to tax for negligence pursuant to section 6653(a)(1) and (2). Negligence is defined as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Marcello v. Commissioner,380 F.2d 499, 506 (5th Cir. 1967), affg. 43 T.C. 168 (1964), cert. denied 389 U.S. 1044 (1968). The burden *108 of proof with regard to the negligence addition is on petitioner. Bell v. Commissioner,85 T.C. 436, 441 (1985). However, the addition to tax for negligence is not imposed in cases of complex legal determinations. Marcello v. Commissioner, 43 T.C. at 182. In this case, there were not only questions of Federal income tax law to consider, but also questions of Texas community property law. The decree did not specifically designate any portion of the monthly payment to be received by petitioner as alimony, and since Texas law does not provide for court-ordered alimony, we think it not unreasonable for petitioner to believe that she did not receive alimony for Federal income tax purposes. Neither do we think it unreasonable for petitioner to believe that her interest in Denbow's retirement benefits was a tax-free distribution of property, since divisions of marital property are nontaxable in many instances. Because we find for petitioner on this issue, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's counsel conceded at trial that the amount which Denbow claimed on his 1983 Federal income tax return as alimony, $ 21,055, is the amount which petitioner actually received during that year from Denbow's retirement checks, weekly payments, and Veterans' Administration educational benefits.
3. Prior to its amendment by the Tax Reform Act of 1984, sec. 422(a), and as effective for 1983, section 71 read in pertinent part as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS (a) General Rule. -- (1) * * * If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.
4. Respondent states in his trial memorandum that "since these payments represent petitioner's interest in community property, they are not alimony." Petitioner takes this to be a concession by respondent concerning the status of Denbow's retirement benefits as alimony. However, we think that respondent's concession that such payments are not alimony extends only to petitioner's community property interest.↩
5. Such benefits are not taxed as alimony since "Section 71(a)(1) or (2) does not apply to that part of any periodic payment attributable to that portion of any interest in property transferred in discharge of the husband's obligation under the decree or instrument incident to the divorce status * * * which interest originally belonged to the wife." Sec. 1.71-1(c)(4), Income Tax Regs.↩
6. Parties to a divorce proceeding may contract between themselves for maintenance and support, Francis v. Francis,412 S.W.2d 29 (Tex. 1967), and such an agreement "will then have whatever legal force the law of contracts will give to it." Francis v. Francis, supra at 33. Such an agreement need not be in a separate writing, but may be part of the divorce decree. Mackey v. Mackey,721 S.W.2d 575↩ (Tex. Civ. App. 1986). 7. Section 71(b) also provides an exception that excludes from the recipient spouse's gross income so much of each payment as is designated by the decree as support for minor children. All the children of petitioner and Denbow had attained majority prior to the year before the Court.
8. "When nothing is said in the divorce decree as to the duration of alimony payments the payments cease upon the death of the ex-husband." Shepherd v. Shepherd,521 S.W.2d 74, 75 (Ky. 1975). See also Bertagnolli v. Bertagnolli,185 Mont. 1, 604 P.2d 299↩ (1979) (payments held to be in the nature of maintenance and ceased upon remarriage of former wife).
9. "Disposable retired or retainer pay" is defined in section 1408(a)(4)↩ as gross retirement pay less amounts withheld for Federal, state, and local taxes, sums owed the United States, and deductions for life insurance premiums and survivors' annuities.
10. In McCarty v. McCarty,453 U.S. 210 (1981), the Supreme Court held that the Federal legislative scheme authorizing military pensions pre-empted state community property law and prohibited the division of military retirement pay. See Balazik v. Balazik,632 S.W.2d 939 (Tex. Civ. App. 1982). However, because of the passage of section 1408, "McCarty * * * has no effect in Texas jurisprudence." Forsman v. Forsman,694 S.W.2d 112, 114↩ (Tex. Civ. App. 1985).