T.C. Summary Opinion 2001-29

UNITED STATES TAX COURT

JOSEPHINE A. FULGHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17099-99S.                    Filed March 14, 2001.

Josephine A. Fulgham, pro se.

<u>Elizabeth Owen</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1997, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 in the amount of $1,515.

The issue for decision is whether the amount received by petitioner in 1997 as a portion of her former spouse's military retirement pay is includable in her gross income for that year. We hold that it is.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in San Antonio, Texas, at the time that her petition was filed with the Court.

Petitioner and her former husband, Dan D. Fulgham (Col. Fulgham), were divorced in 1984. Col. Fulgham was a colonel in the Air Force. Under the decree of divorce, the District Court of Bexar County, Texas, awarded petitioner 20 percent of Col. Fulgham's net military retirement pay as a property settlement.

Petitioner, whose divorce was effective prior to February 3, 1991, received her portion of Col. Fulgham's military retirement pension computed by the following formula: 20% x (gross pension - VA compensation - Federal income tax withheld).[2]

---

[2] So stipulated. We note that the record is silent regarding any VA compensation to which Col. Fulgham may have been entitled.

In 1997, petitioner received total payments of $10,095 from the Defense Finance and Accounting Service (DFAS). DFAS did not withhold any income tax on this amount.

DFAS reported the $10,095 paid to petitioner in 1997 to the Internal Revenue Service, utilizing Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. On the Form 1099-R, DFAS reported both the gross distribution and the taxable amount as $10,095.

Petitioner did not report any part of the $10,095 distribution that she received from DFAS in 1997 on her income tax return, Form 1040A, for that year.

By notice dated August 18, 1999, respondent determined a deficiency in petitioner's income tax for 1997 in the amount of $1,515. The deficiency is based on respondent's determination that the $10,095 distribution that petitioner received in 1997 from DFAS is includable in her gross income for that year.

Petitioner filed a petition with the Court disputing respondent's deficiency determination. Petitioner contends that the military retirement pension is taxable solely to Col. Fulgham. Petitioner also contends that because her share of such pension was 20 percent net of withheld Federal income tax, she should be credited with 20 percent of such withheld tax. Regardless, petitioner contends that the $10,095 distribution

that she received in 1997 from DFAS is not includable in her gross income for that year.[3]

Discussion

In the event of a divorce, a court may, pursuant to 10 U.S.C. sec. 1408(c)(1) (1994), treat disposable military retired pay either as property solely of the member of the Armed Forces or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.[4]  If a divorce was effective prior to February 3, 1991, the "disposable retired pay", which may be treated as the property of the member and his spouse, is the total monthly retired pay to which a member is entitled less (among other items) amounts properly withheld for Federal income tax.  10 U.S.C. sec. 1408(a)(4)(C) (1988); National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, sec. 555(b)(3), (e)(2), 104 Stat. 1569, 1570.  For divorces effective on or after February 3, 1991, Federal income

---

[3] We note that in Fulgham v. Commissioner, docket No. 13247-99S, petitioner advanced the same arguments in support of her contention that the distribution she received from DFAS in 1996 was not includable in her gross income for that year.  However, in T.C. Summary Opinion 2000-144, we held to the contrary.  In the present case, respondent did not plead or otherwise invoke the doctrine of collateral estoppel.  See Rule 39; Montana v. United States, 440 U.S. 147, 153 (1979).  Accordingly, we do not apply that doctrine.  Nevertheless, we observe that both our analysis and holding in the present case are fully consistent with our analysis and holding in the prior case.

[4] The term "court" includes any court of competent jurisdiction of any State.  10 U.S.C. sec. 1408(a)(1)(A) (1994).

tax is not excluded from total monthly retired pay when determining the member's disposable retired pay. See 10 U.S.C. sec. 1408(a)(4) (1994); National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, sec. 555(b)(3), (e)(2), 104 Stat. 1485, 1569, 1570.

In general, the taxation of property interests is determined under Federal law; however, it is local law that determines the nature of the property interests created. See United States v. Mitchell, 403 U.S. 190, 196 (1971). "Under Texas law, military retirement benefits earned during marriage are community property". Denbow v. Commissioner, T.C. Memo. 1989-92; Forsman v. Forsman, 694 S.W.2d 112 (Tex. Civ. App. 1985). Such benefits are characterized as compensation for services that are earned over the course of employment. See Denbow v. Commissioner, supra. Under Texas law, a spouse's rights in her husband's military retirement benefits become vested at the time such benefits are earned. See id. Property possessed by either spouse during, or on dissolution of, marriage is presumed to be community property, unless clear and convincing evidence demonstrates that the property is separate property. See Tex. Fam. Code sec. 3.003 (West 2000).

In the present case, the parties did not present any evidence as to how long petitioner and Col. Fulgham were married, how long Col. Fulgham was in the Air Force, or how the district

court determined that petitioner's interest in the net military retirement pension was 20 percent. Because of this lack of evidence, we can only assume that the district court followed Texas State law in making its determination. Based on the presumption that property possessed by either spouse upon divorce is community property, and the lack of any evidence to rebut such presumption, we conclude that the pension payments received by petitioner represented petitioner's vested community property interest in Col. Fulgham's military retirement pension. Because Texas is a community property State and petitioner has a vested interest in the pension, the entire pension did not become Col. Fulgham's separate property upon the divorce. Thus, contrary to petitioner's contention, the entire pension is not taxable solely to Col. Fulgham. See Denbow v. Commissioner, supra.

Under section 61(a), gross income includes all income from whatever source derived, including pensions. See sec. 61(a)(11). Military retirement pay is a pension. See Eatinger v. Commissioner, T.C. Memo. 1990-310. If a spouse of a member of the Armed Forces has a vested interest in the community income, then the spouse must pay tax on that share of the income. See Denbow v. Commissioner, supra. Because the $10,095 share of disposable retired pay received by petitioner was from a community property interest in a military pension, the payments constitute income to petitioner under section 61(a)(11). See

Porter v. Commissioner, T.C. Memo. 1996-475; Eatinger v. Commissioner, supra; Denbow v. Commissioner, supra. Accordingly, we hold for respondent.

Petitioner contends that she should be entitled to a credit equal to 20 percent of the tax withheld from Col. Fulgham's military retirement pension. We observe, however, that the credit for withheld tax does not enter into the computation of a deficiency under section 6211(a) and (b)(1). See Porter v. Commissioner, supra; Eatinger v. Commissioner, supra. In any event, as we noted in Eatinger v. Commissioner, supra, because the district court's authority to divide a community military retirement pension is limited to the amount that is net of income tax, all tax withheld is attributable to the service member spouse; i.e., Col. Fulgham.[5]

---

[5] This fact does not, as petitioner seems to think, lead to double taxation. This is demonstrated by the following example: Assume that the member's military retirement pay is $50,000, that $5,000 is withheld for tax, and that the spouse's share of the net amount (i.e., $45,000) is 20 percent, or $9,000. The spouse pays income tax on $9,000, and the member pays income tax on $41,000 (i.e., $50,000-$9,000). Thus, only $50,000 of income is taxed. The fact that the $5,000 of withheld tax is attributable to the service member means that it is available to the member as a credit against the income tax on the member's $41,000 share of the military retirement pay. Although it is true, as petitioner correctly points out, that 20 percent of a net amount (or 20 percent of $45,000 in the example) is less than 20 percent of the gross amount (or 20 percent of $50,000 in the example), this fact means only that the spouse whose divorce was effective before Feb. 3, 1991, receives less than the spouse whose divorce was effective on or after such date.

Petitioner also contends that it is unfair that spouses divorced prior to February 3, 1991, receive their portion of the retirement pay net of withheld tax and must pay income tax on that reduced amount, while spouses divorced on or after February 3, 1991, receive their portion of the retirement pay without a reduction for withheld tax.  Although we appreciate petitioner's frustration with this disparity of treatment, "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."  Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to our disposition of the disputed issue,

Decision will be entered

for respondent.