T.C. Summary Opinion 2003-5

UNITED STATES TAX COURT

EARL R. AND MARY A. PALMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3233-01S.                    Filed January 14, 2003.

Earl R. and Mary A. Palmer, pro se.

<u>Brook D. Remick</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463[1] in effect at the time the petition was
filed.  The decision to be entered in this case is not reviewable
by any other court, and this opinion should not be cited as
authority.

---

[1]    Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $3,255 in petitioners' Federal income tax for 1994.

The sole issue for decision is whether amounts received by Mary A. Palmer (petitioner) during 1994 from her former husband's military retirement pay are includable in petitioners' gross income under section 61(a)(11).[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are incorporated herein by reference. Petitioners, husband and wife, were residents of Round Rock, Texas, at the time the petition was filed.

Petitioner was previously married to Robert V. Simon (Mr. Simon). They were divorced by a Texas State court on June 27, 1977. At the time of their divorce, petitioner's former spouse, Mr. Simon, was retired from the U.S. Air Force and was receiving military retirement benefits. Although the record is not clear as to the number of children petitioner and Mr. Simon had, the divorce decree between petitioner and Mr. Simon referred to two children who were under 18 years of age at the time of the divorce. Petitioner was designated managing conservator of the

---

[2] One other adjustment in the notice of deficiency relates to the taxable portion of Social Security benefits petitioners received during 1994. This is a computational adjustment that will be resolved by the Court's holding on the retirement pay question.

two children, and Mr. Simon was designated possessory

conservator.[3]  Mr. Simon was required, in the divorce decree, to

pay to petitioner $50 per month for each child until each child

attained 18 years of age.  There was no provision in the decree

requiring Mr. Simon to pay alimony to petitioner.  With regard to

Mr. Simon's military retirement benefits, the divorce decree

provided:

> Petitioner, MARY ANN SIMON, is awarded the following
> property as her separate property and estate:
>
> *       *       *       *       *       *       *
>
>> 6. A ½ interest in and to the right, title and
>> interest of Respondent's U.S. Air Force Retirement
>> Pension after deduction of the Survivor's Benefit
>> Payment and U.S. Income tax based on two
>> deductions, said amount currently being $564.73,
>> and a ½ interest in and to any future increases in
>> said Retirement Pension.
>
> *       *       *       *       *       *       *
>
> Respondent, ROBERT V. SIMON, is awarded the following
> property:
>
> *       *       *       *       *       *       *
>
>> 5.  A ½ interest in and to the right, title and
>> interest of his U.S. Air Force Retirement Pension
>> after deduction of the Survivor's Benefit Payment
>> and U.S. Income Tax based on two deductions and a
>> ½ interest in and to any future increases in said
>> Retirement Pension.

---

[3]    From the general references to these conservatory
designations in the divorce decree, the Court surmises that, for
all practical purposes, petitioner had legal custody of the two
children in the traditional sense.

It is evident from the divorce decree that Mr. Simon's military retirement benefits, after the referenced deductions, were divided equally between him and petitioner.

The parties stipulated that the portion of Mr. Simon's military retirement benefits for petitioner was paid directly to petitioner by the Defense Finance and Accounting Service-- Cleveland Center, Cleveland, Ohio (DFAS). For the year 1994, DFAS issued to Mr. Simon a document entitled Former Spouse Earnings Statement, which reflected payments during 1994 of $15,564.36 to petitioner that were characterized as "Division of Property" payments. This document does not reflect the gross amount of Mr. Simon's pension and the amounts deducted or withheld from his and petitioner's portions for survivor's insurance premiums and Federal income and employment taxes. DFAS did not issue an information return to petitioner for the year 1994 to reflect the gross amount of her portion of the pension and the deductions and withholdings relating to her interest. In a trial memorandum, respondent stated that DFAS issued an information return to Mr. Simon that reflected the gross amount of the retirement payments, the deductions and withholdings, and, in a separate statement, which the parties stipulated, entitled Former Spouse Earnings Statement", $15,564.36 was listed as a "Division of Property" payment to "Palmer Mary A. Simon".

Petitioners did not challenge respondent's assertion regarding the information return by DFAS to Mr. Simon.[4]

For the year in question, as well as in prior years, petitioners did not include the retirement benefits received from DFAS as income on their Federal income tax returns. In an audit during 1987 of petitioners' 1981, 1984, and 1985 tax returns, respondent's examining agent had proposed including in income the retirement benefits petitioner received from DFAS; however, at respondent's appellate division level, the proposal of the examining agent was reversed.

For the year at issue, respondent determined in the notice of deficiency that the 1994 retirement benefits to petitioner were includable in gross income. Respondent made no allowance or credit for the amount withheld as Federal income tax from petitioner's portion of the retirement benefits. As noted

---

[4] Mr. Simon, on his Federal income tax return for 1994, reported the full amount of the retirement benefits and claimed an alimony deduction in the amount of $15,564. Respondent issued a notice of deficiency to Mr. Simon disallowing the claimed deduction, and a petition was filed on behalf of his estate in this Court challenging that determination. Estate of Robert V. Simon, Deceased, Kathleen L. Nailor, Executrix v. Commissioner, docket No. 3549-01S. A stipulated decision was entered in that case on Oct. 18, 2002, which provides "That there is no deficiency in income tax due from petitioner or overpayment due to petitioner for the taxable year 1994." The record of that case does not include any information return from DFAS relating to the retirement benefits in question; however, respondent allowed a reduction of the benefits taxable to Mr. Simon for the amount paid to petitioner.

earlier, the entirety of the withheld taxes was reflected on the information return sent to Mr. Simon.

Petitioners presented two arguments.  First, because respondent, in 1987, held administratively that petitioner's retirement benefits were not includable in gross income for 1981, 1984, and 1985, the same position should apply for the year at issue, and, second, if the retirement benefits are includable in gross income, the amount withheld as Federal income tax by DFAS as to those benefits should be allowed to petitioners as a credit.

Petitioners do not dispute the fact that Texas is a community property State, that military retirement benefits accrued or earned during marriage are community property, owned in indivision by each spouse in equal proportions, and that retirement benefits are compensation for services rendered over the course of employment and are not a gift or gratuity.  Denbow v. Commissioner, T.C. Memo. 1989-92.  Moreover, in the event of a divorce or a division of the community property, the retirement or pension payments are gross income to the party who owns the right to those payments pursuant to the division of the parties. Weir v. Commissioner, T.C. Memo. 2001-184; Eatinger v. Commissioner, T.C. Memo. 1990-310.

Addressing petitioners' first contention, the law is well settled that respondent is not bound or estopped by prior

erroneous acts or omissions of internal revenue agents or employees. Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977); Auto. Club v. Commissioner, 353 U.S. 180 (1957). Prior administrative determinations that involve the same or related taxpayers do not preclude the Internal Revenue Service from making a contrary determination for a different year. Coors v. Commissioner, 60 T.C. 368, 406 (1973). The Court holds, therefore, that, even though respondent held in 1987 that the retirement benefits from Mr. Simon's pension were not gross income for petitioners' 1981, 1984, and 1985 tax years, respondent is not estopped or barred in this case from taking a contrary position for a subsequent tax year.

Petitioners' second argument is that, because petitioner's portion of her former husband's retirement benefits was reduced for Federal income taxes, the withholdings relating to her interest should be credited against the deficiency. This Court has held that the credit for withheld taxes allowable under section 31 does not enter into the computation of deficiencies determined under section 6211(a) and (b)(1). Redcay v. Commissioner, 12 T.C. 806, 809-810 (1949). Moreover, 10 U.S.C. section 1408(c)(1) (1988), relating to retired military benefits refers to the "disposable retired or retainer pay" of military personnel. By definition, as to divorces effective prior to February 3, 1991, the phrase "disposable retired pay" means the

total monthly retirement pay to which a member is entitled less, among other items, amounts properly withheld for Federal, State, or local income taxes.  10 U.S.C. sec. 1408(a)(4)(C) (1988).[5] Because the Court's authority under 10 U.S.C. section 1408(c)(1) to divide a community military retirement pension is limited to the amount that is net of income taxes, all income tax withheld is attributable to the service member spouse, which, in this case, is Mr. Simon.  <u>Eatinger v. Commissioner</u>, <u>supra</u>.  If petitioner has any remedy with respect to the taxes that were withheld out of that portion of the retirement of Mr. Simon that was allotted to her in the community property settlement, that remedy is not in this Court.  Respondent, therefore, is sustained in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent.</u>

---

[5]     For divorces effective on or after Feb. 3, 1991, Federal, State, and local income taxes are not excluded from the total monthly retired pay when determining the disposable retired pay.  10 U.S.C. sec. 1408(a)(4) (1994); National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, sec. 555(b)(3) and (e)(2), 104 Stat. 1569, 1570.  The divorce in this case became effective in 1977.