T.C. Summary Opinion 2003-141

UNITED STATES TAX COURT

LINDA BUNCE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12161-02S.               Filed September 30, 2003.

Linda Bunce, pro se.

Karen Nicholson Sommers, for respondent.

PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1998 Federal income tax in the amount of $3,810. This Court must decide: (1) Whether $10,891 received by petitioner as a portion of her former spouse's military retirement pay is includable in her gross income in 1998, and (2) whether petitioner is entitled to claim business expenses in an amount greater than the amount allowed by respondent.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Chula Vista, California, at the time she filed her petition.

Petitioner and her former husband, Ronald L. Bunce (Mr. Bunce), were divorced on February 7, 1986. Under the Decree of Divorce, the Superior Court of California awarded petitioner 45.5 percent of Mr. Bunce's gross military retirement pay as a property settlement.

In 1998, petitioner received total payments of $10,891 from the Defense Finance and Accounting Service (DFAS). Petitioner did not report this amount on her 1998 individual income tax return.

Under section 61(a), gross income includes all income from whatever source derived, including pensions. Sec. 61(a)(11). Military retirement pay is a pension. Eatinger v. Commissioner, T.C. Memo. 1990-310. If a spouse of a service member has a vested interest in the community income, then the spouse must pay

tax on that share of the income.  Denbow v. Commissioner, T.C. Memo. 1989-92.  Because the $10,891 retirement pay received by petitioner was from a community property interest in a military pension, the payments constitute income to petitioner under section 61(a)(11).  Porter v. Commissioner, T.C. Memo. 1996-475; Eatinger v. Commissioner, supra; Denbow v. Commissioner, supra. Accordingly, we hold for respondent.

Petitioner argued that she should be entitled to some credit for income tax withheld.  We are unable to consider petitioner's claim because credit for withheld tax does not enter into the computation of deficiencies determined under section 6211(a) and (b)(1).  Porter v. Commissioner, supra; Eatinger v. Commissioner, supra.  However, as we noted in Eatinger, because a court's authority to divide a community military retirement pension is limited to the amount that is net of income taxes, all income tax withheld is attributable to the service member spouse.  If petitioner has any remedies with respect to a credit for withholding taxes, they lie elsewhere.

On her Schedule C, Profit or Loss From Business, petitioner reported no income and expenses of $9,330 for her craft sales and marketing business.  Respondent disallowed a deduction of $1,723 for supplies and a deduction of $4,583 for other expenses.  The other expenses were booth mat ($2,788), frames and packaging ($592), mockups and patterns ($788), bank charges ($26), and

travel and hauling ($389).

Petitioner had no records, claiming she lost them in an accident.  Where the Court is satisfied that the taxpayer is entitled to some deduction, but where the records are inadequate to establish the amount of the deduction, the Court may make an approximation of the amount of the deduction.  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  In such cases we are cautioned to bear heavily against the taxpayer "whose inexactitude is of his own making."  Id.  Based on petitioner's testimony, we shall allow her to deduct $500 for supplies, $400 for mockups and patterns, and $300 for frames and packaging, in addition to the $3,024 allowed by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.